

1  JOSE R. MATA, SBN 83724, OSB 80305
   E-Mail: JMata@wagelawyer.com
2  **BAILEY PINNEY, PC**
   1498 SE Tech Center Place, Suite 290
3  Vancouver, WA 98683
   Telephone: (360)567-2551; Fax: (360)567-3331
4
   BONNIE MAC FARLANE, SBN 161526
5  E-Mail: BMacfarlane@wagelawyer.com
   **BAILEY PINNEY, PC**
6  720 Howe Street, Suite 113
   Sacramento, CA 95825
7  Telephone: (916)923-5537; Fax: (916)923-5587

8  SUSAN SIMMONS SEEMILLER SBN 150546
   E-Mail: SSeemiller@wagelawyer.com
9  Of Counsel
   **BAILEY PINNEY, PC**
10 840 County Square Drive
   Ventura, CA 93003
11 Telephone: (805) 339-9090; Fax:  (805) 339-0090

12 Attorneys for Plaintiff Trudy Oglesby

13            **IN THE UNITED STATES DISTRICT COURT**

14           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15 | **Trudy Oglesby**, individually and on behalf
16 | of all others similarly situated

   Case No **08    0793**

17 | vs.

   **PLAINTIFF'S COMPLAINT FOR:**

18 | **Dollar Tree Stores, Inc.**. Incorporated in
   the State of Virginia, and Does One through
19 | Twenty-Five.

   1.  Failure to Provide Uninterrupted Duty-
       Free Rest Periods;
   2.  Failure to Provide Uninterrupted Duty-
       Free Meal Periods;
20     3.  Failure to Timely Pay Wages (Late Pay
           Statutory);
21     4.  Failure to Pay Wages;
       5.  Failure to Pay Minimum Wages (CAL.
22         LAB. CODE; 29 U.S.C. § 201 *et Seq.*);
       6.  Failure to Pay Overtime Wages;  (CAL.
23         LAB. CODE; 29 U.S.C. § 201 *et Seq.*)
       7.  Failure to Provide Accurate Itemized
           Wage Statements;
24     8.  Failure to Pay Vacation Pay
       9.  Unlawful Business Practices
25         (CAL. BUS. & PROF. CODE §17200)

26     [Pursuant to the Laws of the State of
       California]
27

   //////

28

1    Plaintiff, Trudy Oglesby, individually, and on behalf of current and former employees of Dollar

2    Tree Stores, Inc., brings this class action Complaint against Defendant, Dollar Tree Stores, Inc.,

3    (hereinafter "Dollar Tree") and alleges the following upon information and belief, except as to those

4    allegations concerning Plaintiff, which are alleged upon personal knowledge:

5    ## PRELIMINARY STATEMENT

6    1.    Plaintiff, Trudy Oglesby, files this action to recover wages, statutory wages, punitive

7    damages, minimum wages, overtime wages, vacation wages, and liquidated damages for Dollar Tree's

8    failure to provide uninterrupted duty-free rest periods; failure to provide uninterrupted duty-free meal

9    periods; failure to pay for all hours worked; failure to timely pay wages at the termination of

10    employment, including earned and vested vacation wages; and failure to pay wages, statutory wages,

11    minimum wages and overtime/"premium" wages.

12    2.    Dollar Tree is retail store offering merchandise and basic consumable products for

13    bargain prices. A Virginia Corporation headquartered in Chesapeake, Virginia, Dollar Tree boasts an

14    annual revenue of approximately $3.97 billion. Dollar Tree has more than 3,200 stores and employs

15    more than 40,000 associates throughout the United States. Dollar Tree has high sales periods, e.g.,

16    Christmas and Easter which require it to purchase increased inventory and hire a significant number of

17    temporary employees. Dollar Tree's business practice is to hire temporary employees to staff its

18    business during peak selling seasons, yet the company refuses to hire sufficient numbers of employees

19    to handle the increased business. Instead, Dollar Tree relies on its existing employees to cover the

20    increased business, which causes the company to violate California's wage and hour laws.

21    3.    Dollar Tree allows its employees to work without uninterrupted duty-free rest periods and

22    uninterrupted duty-free meal periods, both of which are required by California law. Dollar Tree also

23    fails to pay statutory wages, including minimum wages, overtime, and premium wages pursuant to

24    California law. Dollar Tree does not pay its employees wages when due under California law.

25    Pursuant to California's strong policy of assuring employees are fairly and timely paid their earned

26    wages, and that workers receive appropriate uninterrupted duty-free rest periods and meal periods,

27    Plaintiff seeks appropriate recoveries including costs of suit, attorneys' fees, interest, and other relief

28    the court deems necessary.

1    4.    Plaintiff was an hourly employee of Dollar Tree in California from approximately
2  October 31, 2006 to February 13, 2007. During Plaintiff's employment, Dollar Tree failed to satisfy
3  its duty to provide uninterrupted duty-free rest periods and uninterrupted duty-free meal periods in
4  compliance with California law. Dollar Tree did not pay all wages when due, including minimum
5  wage, and overtime premium wages, as required by California law. Dollar Tree did not pay final
6  wages when required by California law.

7    5.    Plaintiff seeks to represent other similarly situated individuals through this class action
8  who worked for Dollar Tree in California. Plaintiff claims wages, statutory wages, liquidated
9  damages, punitive damages, interest, costs, and attorney fees for Dollar Tree's failure to pay all wages,
10  including overtime and premium wages, minimum wages, and vacation wages; failure to pay wages
11  when due upon the end of employment; failure to provide uninterrupted duty-free rest periods; and
12  failure to provide uninterrupted duty-free meal periods.

13                                      **PARTIES**

14    6.    At all material times, Plaintiff and others similarly situated are current and former
15  employees of Dollar Tree in the State of California. Dollar Tree is subject to the State of California's
16  wage and hour provisions.

17    7.    Plaintiff, Trudy Oglesby, at the time of filing this Complaint, is an individual residing in
18  the State of Kansas and is a citizen of the State Kansas. At all times relevant to the facts plead
19  specifically to Plaintiff, Plaintiff resided in the State of California and was a citizen of the State of
20  California.

21    8.    Dollar Tree, at all material times herein, is and was doing business as "Dollar Tree Stores,
22  Inc." in the State of California.

23    9.    Dollar Tree is a company organized and existing under the laws of the State of Virginia,
24  with its principal place of business in the State of Virginia.

25    10.    The true names and capacities of Defendants, DOES One through Twenty-five, inclusive,
26  are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names.
27  Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of
28  said fictitiously named Defendants when they have been ascertained.

                                                                    Plaintiff's Class Action Complaint
                                              3

1

## JURISDICTION

2   11.   This is an action under 28 U.S.C. § 1332 (d)(2) to recover wages, minimum wages

3   overtime wages, statutory wages, liquidated damages, punitive damages, and civil penalties for current

4   and former employees of Dollar Tree who are/were hourly employees in California. The amount in

5   controversy exceeds $5,000,000.00 exclusive of interest and costs. The class will exceed 100

6   members. Further, Plaintiff is diverse from Dollar Tree.

7

## VENUE AND INTRA DISTRICT ASSIGNMENT

8   12.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because this Court has

9   personal jurisdiction over Dollar Tree, which: (1) conducts business in the State of California,

10   including the County of Alameda, (2) hires and maintains employees in the State of California, and (3)

11   avails itself of the protection of the laws of the State of California.

12   13.   This lawsuit is not based on facts that warrant assignment to a division in this district.

13   However, Dollar Tree maintains stores in Alameda County as well as elsewhere in the State of

14   California. Plaintiff requests assignment to the Oakland division.

15

## CLASS ACTION ALLEGATIONS

16   14.   Plaintiff prosecutes this action as a class action to recover statutory damages and monies

17   due and owing for all current and former California employees of Dollar Tree for its failure to pay

18   wages, including minimum and overtime wages; failure to provide uninterrupted duty-free rest and

19   meal periods; and failure to pay final wages as due and owing when required by California law.

20   15.   Plaintiff prosecutes this Complaint pursuant to Rule 23(a), (b)(1), and (b)(3) of the

21   Federal Rules of Civil Procedure on behalf of a class consisting of current and former employees of

22   Dollar Tree. Common questions of law and fact exist as to all class members and predominate over

23   any questions that effect only individual class members. The conduct at issue in this case affected

24   Plaintiff and all purported class members. Based on information and belief, the members of the class

25   exceed 100 persons, and that number will increase depending upon employee turnover.

26   16.   Dollar Tree failed to make immediate payment of all wages due as required by California

27   law, when the employment of Plaintiff, and others similarly situated, ended with Dollar Tree.

28   ////

Plaintiff's Class Action Complaint

4

1    17.    Dollar Tree failed to pay wages, minimum wages, overtime wages, vacation wages, and

2    statutory wages when due to Plaintiff and others similarly situated as required by California law.

3    18.    Dollar Tree's actions in failing to pay wages, minimum wages, overtime wages, vacation

4    wages, failing to provide uninterrupted duty-free rest periods, failing to provide uninterrupted duty-free

5    meal periods, and failing to pay all monies due and earned upon termination of employment to

6    Plaintiff, and others similarly situated was willful.

7    19.    Dollar Tree is required by California law to provide Plaintiff and others similarly situated

8    with one uninterrupted duty-free ten minute rest period for every four hours worked or major fraction

9    thereof.

10    20.    Dollar Tree failed to provide Plaintiff and others similarly situated uninterrupted duty-

11    free rest periods in compliance with California law.

12    21.    Dollar Tree is required by California law to provide Plaintiff and others similarly situated

13    with one uninterrupted duty-free thirty minute meal period after five hours of work per day, and a

14    second uninterrupted duty-free thirty minute meal period after ten hours of work per day.

15    22.    Dollar Tree failed to provide Plaintiff, and others similarly situated, with uninterrupted

16    duty-free meal periods in compliance with California law.

17    23.    Dollar Tree required Plaintiff and others similarly situated to work hours for which Dollar

18    Tree did not compensate them at the minimum rate of pay for all hours worked. In so doing, Dollar

19    Tree violated the requirements of California law. Dollar Tree owes Plaintiff and others similarly

20    situated minimum wages and liquidated damages for uncompensated work.

21    24.    Dollar Tree required Plaintiff and others similarly situated to work hours for which Dollar

22    Tree did not compensate them at the premium rate of pay for all hours worked over eight per day

23    and/or twelve hours per day or forty per week. In so doing, Dollar Tree violated the requirements of

24    California law. Dollar Tree owes Plaintiff and others similarly situated overtime wages for those hours

25    worked that were not properly compensated.

26    25.    Dollar Tree is required to provide accurate itemized wage statements per pay period to

27    Plaintiff and others similarly situated pursuant to California law, including but not limited to Cal. Lab.

28    Code § 226(a). Dollar Tree failed to provide accurate itemized wage statements to Plaintiff and others

1    similarly situated. Because Dollar Tree failed to provide accurate itemized wage statements, Dollar

2    Tree owes actual damages to Plaintiff and others similarly situated.

3         26.    Dollar Tree is required to pay all vested and earned vacation pay at the end of an

4    employee's employment with Dollar Tree. Dollar Tree failed to provide Plaintiff and others similarly

5    situated with all vested and earned vacation pay at the end of their employment.

6         27.    Dollar Tree's conduct alleged herein was willful, malicious, fraudulent, and oppressive.

7         28.    Dollar Tree's actions, detailed herein, were part of a statewide and/or nationwide

8    corporate plan and scheme which affected all employees who worked for Dollar Tree. As a direct and

9    proximate result of Dollar Tree's illegal companywide plan, practice and scheme, Plaintiff was (1)

10   required to work through rest periods and meal periods contrary to California law, (2) not compensated

11   for the unprovided rest and meal periods, (3) not paid their wages on time, and (4) victimized by

12   Dollar Tree's policies and practices as set forth herein. Plaintiff and others similarly situated are

13   entitled to recover monies for the unprovided rest and periods including, but not limited to, wages,

14   statutory wages, minimum wages, overtime and/or premium wages pursuant to California law.

15   Plaintiff is entitled to request injunctive relief. Also, Plaintiff and others similarly situated are entitled

16   to recover appropriate reasonable attorneys' fees, costs, and interest.

17        29.    **DEFINITION OF CLASSES** – Plaintiff seeks class certification to include, but without

18   limitation to, the following potential classes, pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal

19   Rules of Civil Procedure.

20             A.    **UNPAID WAGES CLASS** - Within the applicable time period prior to the

21                   filing of this action through and including the present date through adjudication,

22                   for Plaintiff and others similarly situated who worked for Dollar Tree in

23                   California and who did not receive all wages when due as required by California

24                   law.

25             B.    **UNPAID REST PERIOD CLASS** - Within the applicable time period prior to

26                   the filing of this action through and including the present date through

27                   adjudication, for Plaintiff and others similarly situated who worked for Dollar

28                   Tree in California, and who did not receive uninterrupted duty-free rest periods

                                                        6

1    as required by California law.

2

3    C.    **UNPAID MEAL PERIOD CLASS** – Within the applicable time period prior

4    to the filing of this action through and including the present date through

5    adjudication, for Plaintiff and others similarly situated who worked for Dollar

6    Tree in California, and who did not receive uninterrupted duty-free meal periods

7    as required by California law.

8    D.    **LATE PAYMENT CLASS** - Within the applicable time period prior to the

9    filing of this action through and including the present date through adjudication,

10    for Plaintiff and others similarly situated whose employment with Dollar Tree in

11    California ended, and who did not receive all wages when due as required by

12    California law.

13    E.    **MINIMUM WAGE CLASS** - Within the applicable time period prior to the

14    filing of this action through and including the present date through adjudication,

15    for the Plaintiff and others similarly situated who worked for Dollar Tree in

16    California, and who were not paid wages at the minimum wage for all hours

17    worked.

18    F.    **OVERTIME CLASS** - Within the applicable time period prior to the filing of

19    this action through and including the present date through adjudication, for

20    Plaintiff and others similarly situated who worked for Dollar Tree in California,

21    and who were not paid at the applicable overtime/premium rate for all hours

22    worked in excess of the statutory maximum hours per day, and/or in excess of

23    the statutory maximum hours per week.

24    G.    **ITEMIZED WAGE STATEMENT CLASS** – Within the applicable time

25    period prior to the filing of this action through and including the present date

26    through adjudication, for Plaintiff and others similarly situated, who worked for

27    Dollar Tree in California, and whose wage statements provided by Dollar Tree

28    were inaccurate.

H.      **BUSINESS AND PROFESSIONS CLASS** – Within four years prior to the filing of this action through and including the present date through adjudication, for Plaintiff, and others similarly situated who worked for Dollar Tree in California and were not paid wages, minimum wages, overtime wages, who were not provided uninterrupted duty-free rest periods, who were not provided uninterrupted duty-free meal periods, and who are owed statutory wages by Dollar Tree.

30.     **NUMEROSITY** - Based upon information and belief, the members of the California state wage and hour class exceed 100 persons. This number may increase, depending upon the turnover rate for employees over the applicable statutory period prior to the filing of this action.

31.     **QUESTIONS OF LAW AND FACT** - Common questions of law and fact exist as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former employees of Dollar Tree within the applicable statutes of limitations. Common questions include:

A.      Whether Plaintiff and class members are subject to California state wage and hour laws.

B.      Whether Dollar Tree failed to provide Plaintiff and class members uninterrupted duty-free rest periods as required by California state wage and hour laws.

C.      Whether Dollar Tree failed to provide Plaintiff and class members uninterrupted duty-free meal periods as required by California state wage and hour laws.

D.      Whether Plaintiff and class members worked hours and were not paid minimum wages for all hours worked.

E.      Whether Dollar Tree suffered or permitted Plaintiff and class members to work over eight hours per day and/or twelve hours per day or to work over forty hours per week and failed to pay overtime or premium pay for each overtime hour worked.

F.      Whether Dollar Tree failed to pay Plaintiff and class members all wages when due after their employment ended.

1       G.      Whether Plaintiff and class members performed work for Dollar Tree while
2               working "off the clock," without compensation.

3       H.      Which remedies are available for the violations of California state wage and
4               hour laws.

5       I.      Which statute of limitations applies for each claim for relief.

6   32.     **TYPICALITY** - The claims of the named Plaintiff are typical of the claims of the
7   members of the wage and hour class in that:

8       A.      Plaintiff is a member of the class.

9       B.      Plaintiff's claims stem from the same practices and/or courses of conduct that
10              form the basis of the class.

11      C.      Plaintiff claims are based upon the same legal and remedial theories as those of
12              the class and involve similar factual circumstances.

13      D.      There is no antagonism between the interests of the named Plaintiff and absent
14              class members.

15      E.      The injuries which Plaintiff suffered are similar to the injuries which class
16              members have suffered

17  33.     **REPRESENTATION BY PLAINTIFF** - The named Plaintiff will fairly and
18  adequately represent the class in that:

19      A.      There is no conflict between Plaintiff claims and those of other class and
20              subclass members.

21      B.      Plaintiff retained counsel who are skilled and experienced in wage and hour
22              cases and in class actions and who will vigorously prosecute this litigation.

23      C.      Plaintiff's claims are typical of the claims of class members

24  34.     **CERTIFICATION** - Certification of Plaintiff's claims is appropriate because:

25      A.      Common questions of law and fact predominate over questions affecting only
26              individual members.

27      B.      The forum is convenient to the parties, class members, and potential witnesses;
28              the class is specifically identifiable to facilitate provision of adequate notice;

1              and there will be no significant problems managing this case as a class action.

2        C.     A class action is superior to other available methods for the fair and efficient

3              adjudication of this controversy because individual class members have minimal

4              interest in controlling the prosecution of separate actions.

5

6                                **FACTS**

7        35.     Ms. Oglesby worked for Dollar Tree as an hourly employee in the positions of cashier

8  and assistant manager. However, Ms. Oglesby did not receive all of the rest and meal periods to which

9  she was entitled for approximately 85 days that she worked. She is therefore owed an hour of pay for

10  each unprovided rest and/or meal period. Ms. Oglesby maintained a calendar noting the specific dates

11  that she was denied a rest or meal period. Furthermore, Dollar Tree employees and/or agents

12  threatened to fire or terminate Ms. Oglesby if she refused to perform her job functions off the clock (ie

13  unpaid), including making bank deposits and performing other specific tasks. She estimates that she

14  worked approximately four hours off the clock each week during the course of her employment.  Ms.

15  Oglesby was promised raises that she never received and was denied payment of vacation wages that

16  she was owed. Ms. Oglesby quit without notice following the death of her son, when Dollar Tree

17  failed to grant her requested time off for her family emergency. Dollar Tree then failed to provide her

18  final paycheck within 72 hours of her last day of work.

19                       **CLAIMS FOR RELIEF**

20                      **FIRST CLAIM FOR RELIEF**

21                       **(Failure to Pay Wages)**

22        36.     Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully

23  set forth herein.

24        37.     At all times material herein, Plaintiff and others similarly situated were employed by

25  Dollar Tree.

26        38.     Within the three years prior to filing of this Complaint through and including the present

27  date through adjudication, Dollar Tree failed to pay wages as required by California law

28        39.     During the course of Plaintiff's employment, Dollar Tree allowed, suffered, and permitted

1  Plaintiff and others similarly situated to perform work for the benefit of Dollar Tree and failed to pay
2  wages for all work performed.

3      40.    As a result, Plaintiff and other similarly situated are entitled to wages, and statutory
4  wages pursuant to California law, including, but not limited to, Cal. Lab. Code §§ 203 and 218.

5      41.    Dollar Tree's behavior in failing to pay Plaintiff and others similarly situated for all hours
6  worked was willful, malicious, fraudulent, and oppressive and there remain due and unpaid wages in
7  amounts to be determined.

8      42.    Plaintiff, on behalf of others similarly situated, is entitled to wages and statutory wages,
9  in amounts to be determined, pursuant to California law, including but not limited to, Cal. Lab. Code
10 §§ 203, 204, 218, and 227.3, plus costs, interest, disbursements and attorneys' fees pursuant to
11 California law, including, but not limited to, Cal. Lab. Code §§ 218.5 and 218.6.

12                **SECOND CLAIM FOR RELIEF**

13        **(Failure to Provide Uninterrupted duty-free Rest Periods)**

14     43.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully
15 set forth herein.

16     44.    At all times material herein, Plaintiff and others similarly situated were employed by
17 Dollar Tree.

18     45.    The California Labor Code and the California Industrial Welfare Commission
19 (hereinafter "IWC") provide for minimum employment conditions to be followed by all employers
20 within the State of California. California law, including but not limited to, Cal. Lab. Code §§ 226.7,
21 516, and IWC wage orders including, but not limited to, IWC wage order #-2001, require that
22 employees receive one uninterrupted duty-free paid rest period of not less than ten minutes for each
23 period of four hours worked

24     46.    Within the applicable time period prior to the filing of this Complaint up through and
25 including the present date through adjudication, Dollar Tree failed to provide Plaintiff and others
26 similarly situated uninterrupted duty-free rest periods of not less than ten minutes, in violation of
27 California law. Dollar Tree failed to pay Plaintiff and others similarly situated for those rest periods
28 and failed to pay Plaintiff and others similarly situated statutory wages pursuant to Cal. Lab. Code §§

1  226.7 and 203. Dollar Tree's failure to provide uninterrupted, duty-free rest periods was willful,

2  malicious, fraudulent, and oppressive.

3      47.    Plaintiff and others similarly situated seek statutory wages for the three years prior to

4  filing of this Complaint, plus costs, interest, disbursements and attorney's fees pursuant to California

5  law, including, but not limited to Cal. Lab. Code §§ 200, 203, 204, 218, 218.5, 218.6, and 226.7, 516,

6  and 1198.

7                          **THIRD CLAIM FOR RELIEF**

8              **(Failure to Provide Uninterrupted Duty-Free Meal Periods)**

9      48.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully

10  set forth herein.

11     49.    At all times material herein, Plaintiff and others similarly situated were employed by

12  Dollar Tree.

13     50.    The California Labor Code and the IWC provide minimum employment conditions to be

14  followed by all employers within the State of California. California law, including, but not limited to,

15  Cal. Lab. Code §§ 226.7, 512, 516, and IWC wage orders require, in part, that employees receive an

16  uninterrupted duty-free meal period of not less than thiry minutes for each shift over five hours.

17     51.    Within the applicable time period prior to the filing of this action through and including

18  the present date through adjudication, Dollar Tree failed to provide Plaintiff and others similarly

19  situated with uninterrupted duty-free meal periods of not less that thiry minutes, in violation of

20  California law, including, but not limited to, Cal. Lab. Code §§ 226.7, 512, 516, and IWC wage orders.

21  Dollar Tree failed to pay Plaintiff and others similarly situated for those meal periods not provided or

22  interrupted. Dollar Tree's failure to provide uninterrupted duty-free meal periods was willful,

23  malicious, fraudulent, and oppressive.

24     52.    As a result of Dollar Tree's failure to provide uninterrupted duty-free meal periods as

25  required, Plaintiff and others similarly situated are entitled to recover wages for those meal periods that

26  were interrupted or not provided, plus statutory wages as required by California law, including, but not

27  limited to, Cal. Lab. Code §§ 203 and 226.7.

28     53.    Plaintiff and others similarly situated seek statutory wages and unpaid wages for the three

1  years prior to filing of this action, plus costs, interest, disbursements, and attorney's fees pursuant to

2  California law, including but not limited to Cal. Lab. Code §§ 200, 203, 204, 218, 218.5, 218.6, 226.7

3  512, 516, and 1198.

4  **FOURTH CLAIM FOR RELIEF**

5  **(Late Payment of Wages)**

6  54.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully

7  set forth herein.

8  55.    At all times material herein, Plaintiff and others similarly situated were employed by

9  Dollar Tree.

10  56.    Within the applicable time period prior to the filing of this Complaint through and

11  including the present date through adjudication, Dollar Tree willfully failed to pay all wages to

12  Plaintiff and other former employees upon termination of their employment, when those wages were

13  due. Dollar Tree's failure to pay wages when due was willful, malicious, fraudulent, and oppressive.

14  Dollar Tree's willful conduct entitles Plaintiff and other former employees to thirty days of statutory

15  wages for each pay period when wages were not paid when required by California law, including, but

16  not limited to, Cal. Lab. Code §§ 201, 202, and 203.

17  57.    Plaintiff and others similarly situated seek statutory wages for the applicable time period

18  prior to filing of this action, plus costs, interest, disbursements and attorney's fees pursuant to

19  California law, including but not limited to Cal. Lab. Code §§ 200, 201, 202, 203, 204, 218, 218.5, and

20  218.6 and applicable wage orders.

21  **FIFTH CLAIM FOR RELIEF**

22  **(Failure to Pay Minimum Wage)**

23  58.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully

24  set forth herein.

25  59.    At all times material herein, Plaintiff and others similarly situated were employed by

26  Dollar Tree.

27  60.    Within the applicable time period prior to filing of this action through and including the

28  present date through adjudication, Dollar Tree failed to pay minimum wages to Plaintiff and others

1    similarly situated as required by California law.

2        61.    During the course of Plaintiff's employment, Dollar Tree allowed, suffered, and permitted

3    Plaintiff and others similarly situated to perform work for the benefit of Dollar Tree without paying

4    minimum wages to Plaintiff and others similarly situated for all hours worked.

5        62.    Dollar Tree failed to compensate Plaintiff and others similarly situated for the hours of

6    work provided by Plaintiff and others similarly situated.

7        63.    As a result, Plaintiff and others similarly situated are entitled to minimum wages pursuant

8    to California law, including but not limited to Cal. Lab. Code §§ 203, 204, 1194, 1194.2 and 1197.

9        64.    Dollar Tree's behavior in failing to pay Plaintiff and others similarly situated for all hours

10   worked was willful, malicious, fraudulent, and oppressive, and there remain due and unpaid, minimum

11   wages in amounts to be determined.

12       65.    Plaintiff individually and on behalf of others similarly situated seeks as damages

13   minimum wages in an amount to be determined, liquidated damages, fees, and statutory wages,

14   pursuant to California law, including, but not limited to, Cal. Lab. Code §§ 200, 203, 204, 1182.11,

15   1185, 1194, 1194.2, 1197, and 1198, plus costs, disbursements, and attorneys' fees pursuant to

16   California law including, but not limited to, Cal. Lab. Code § 1194.

17                                        **SIXTH CLAIM FOR RELIEF**

18                                        **(Failure to Pay Overtime)**

19       66.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully

20   set forth herein.

21       67.    At all times material herein, Plaintiff and others similarly situated were employed by

22   Dollar Tree.

23       68.    Within the applicable time period prior to the filing of this action through and including

24   the present date through adjudication, Dollar Tree failed to pay overtime wages to Plaintiff and others

25   similarly situated as required by California law.

26       69.    During the course of Plaintiff's employment, Dollar Tree allowed, suffered, and permitted

27   Plaintiff and others similarly situated to work hours for the benefit of Dollar Tree in excess of eight

28   and/or twelve  hours per day and/or forty hours per week.  As a result, Plaintiff and others similarly

                                                                         Plaintiff's Class Action Complaint
                                                   14

1 situated are entitled to unpaid overtime wages pursuant to California law, including, but not limited to,
2 Cal. Lab. Code §§ 500, 510, and 1194.

3 70. Dollar Tree failed to compensate Plaintiff and others similarly situated for all hours of
4 overtime worked by Plaintiff and others similarly situated at the overtime rate of pay as required by
5 California law.

6 71. Dollar Tree's failure to pay Plaintiff and others similarly situated for all hours worked in
7 excess of the statutory maximum hours per day and in excess of eight and/or twelve hours per day per
8 day and/or forty hours per week was willful, malicious, fraudulent, and oppressive, and there remain
9 due and unpaid overtime wages in amounts to be determined.

10 72. Plaintiff individually and on behalf of others similarly situated seeks as damages,
11 overtime wages in an amount to be determined, fees, and statutory wages, pursuant to California law,
12 including but not limited to, Cal. Lab. Code §§ 200, 203, 204, 500, 510, 511, 1194, and 1198, plus
13 costs, disbursements and attorneys' fees pursuant to California law including, but not limited to,Cal.
14 Lab. Code § 1194.

15 **SEVENTH CLAIM FOR RELIEF**

16 **(Failure to Provide Accurate Itemized Wage Statements)**

17 73. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully
18 set forth herein.

19 74. At all times material herein, Plaintiff and others similarly situated were employed by
20 Dollar Tree.

21 75. Dollar Tree is required to provide accurate itemized wage statements for each pay period
22 to Plaintiff and others similarly situated pursuant to California law, including but not limited to Cal.
23 Lab. Code § 226.

24 76. Within the applicable time period prior to the filing of this action through and including
25 the present date through adjudication, Dollar Tree failed to provide accurate itemized wage statements
26 to Plaintiff and others similarly situated whereby Plaintiff, and others similarly situated were harmed.
27 Dollar Tree's failure to provide accurate itemized wage statements was willful, malicious, fraudulent,
28 and oppressive.

1    77.    Plaintiff individually and on behalf of others similarly situated seeks payment of actual
2    damages pursuant to Cal. Lab. Code § 226(e) for each employee who did not receive accurate itemized
3    wage statements during their employments with Dollar Tree. Plaintiff and others similarly situated also
4    Plaintiff the payment of costs, interest, and attorney's fees.

5    **ELEVENTH CLAIM FOR RELIEF**

6    **(Failure to Pay Vacation Pay)**

7    78.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully
8    set forth herein.

9    79.    At all times material herein, Plaintiff and others similarly situated were employed by
10   Dollar Tree.

11   80.    Pursuant to Cal. Lab. Code § 227.3, Defendants are required to pay all vested vacation as
12   wages when an employee leaves his/her employment.

13   81.    Dollar Tree is required to comply with California wage and hour law.  During the course
14   of Plaintiff's employment, Plaintiff earned vested vacation time that Defendant failed to fully pay.

15   82.    Within the applicable time period prior to the filing of this action through and including
16   the present date through adjudication, Dollar Tree failed to pay vacation wages to Plaintiff and others
17   similarly situated whereby Plaintiff, and others similarly situated were harmed.  Dollar Tree's failure to
18   pay vacation wages was willful, malicious, fraudulent, and oppressive.

19   83.    Plaintiff individually and on behalf of others similarly situated seeks payment of vacation
20   wages, damages, statutory damages, costs, interest, and attorney's fees  pursuant to California law,
21   including but not limited to, Cal. Lab. Code §§ 201, 202, 203, 218.5, 218.6 and 227.3.

22   **TWELFTH CLAIM FOR RELIEF**

23   **(Unfair Competition)**

24   84.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully
25   set forth herein.

26   85.    At all times material herein, Plaintiff and others similarly situated were employed by
27   Dollar Tree.

28   86.    Within four years prior to the filing of this action through and including the present date

1    through adjudication, Dollar Tree failed to comply with the wage and hour provisions of the State of
2    California as set forth herein.

3        87.    Plaintiff, individually, and on behalf of the general public, alleges that at all relevant
4    times Dollar Tree's actions, including, but not limited to, Dollar Tree's violations of California law,
5    the California Labor Code, as set forth herein, constitute a continuing and ongoing unfair and unlawful
6    activity prohibited by Cal. Bus. and Prof. Code § 17200, *et seq.*, and justify restitution and/or
7    injunctive relief.

8        88.    Dollar Tree's failure to comply with California State wage and hour laws is likely to
9    continue. Dollar Tree's unlawful business practices mislead the public and present a continuing threat
10   to the public. Plaintiff suffered injury in fact, and Plaintiff lost money or property as a result of such
11   unfair competition.

12       89.    Dollar Tree has engaged in unfair business practices in California by utilizing the illegal
13   employment practices outlined herein, including, but not limited to, failing to pay wages, minimum
14   wages, overtime wages, failing to provide uninterrupted duty-free rest periods, failing to provide
15   uninterrupted duty-free meal periods, failing to compensate for statutory wages, sums due for labor,
16   fees, and penalties according to California law . Dollar Tree's employment of such practices
17   constitutes an unfair business practice, unfair competition, and provides an unfair advantage over
18   Dollar Tree's competitors.

19       90.    Plaintiff alleges that at all relevant times, Dollar Tree has engaged in unlawful, deceptive,
20   and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200, *et seq.*, including those set
21   forth in the paragraphs herein, thereby depriving Plaintiff and the public of the minimum working
22   conditions and standards due them under California labor laws and IWC Wage Orders.

23       91.    The Court is authorized to order restitution and/or an injunction as a remedy for any
24   violations of Cal. Bus. & Prof. Code § 17200 *et seq*. Plaintiff seeks full restitution of said monies from
25   Dollar Tree, as necessary and according to proof, to restore any and all monies withheld, acquired, or
26   converted by Dollar Tree by means of the unfair practices complained of herein. Plaintiff, on her
27   behalf and on behalf of others similarly situated, seeks restitution in an amount to be determined,
28   injunctive relief, costs, interest, and attorneys' fees  pursuant to California law including, but not

1  limited to, Cal. Bus. and Prof. Code § 17200 *et seq.*

2                           **PRAYER FOR RELIEF**

3      **WHEREFORE,** Plaintiff demands judgment against Dollar Tree as follows:

4      1.   A determination that this action may be maintained as a "class action";

5      2.   For all unpaid wages, statutory wages, minimum wages, "overtime" and/or "premium

6           pay" wages, and vacation wages in an amount to be determined at the time of trial;

7      3.   For all wages and other related sums converted by Dollar Tree;

8      4.   For any and all profits, whether direct or indirect, Dollar Tree acquired by reason of its

9           conversion, and for all remedies provided in  Cal. Civ. Code  §§ 3336 and 3337;

10     5.   Pursuant to Cal. Bus. and Prof. Code § 17203, that Dollar Tree be preliminarily and

11          permanently enjoined from failing to provide: payment for all wages for all hours worked;

12          uninterrupted duty-free paid rest periods; uninterrupted duty-free meal periods; minimum

13          wages for all hours worked, overtime for all hours worked over eight per day and forty

14          hours per week,;

15     6.   Pursuant to Cal. Bus. and Prof. Code § 17203 and the equitable powers of this Court, that

16          Dollar Tree be ordered to restore to Plaintiff all funds acquired by means of any act or

17          practice declared by this Court to be unlawful or fraudulent or to constitute unfair

18          competition under the Cal. Bus. and Prof. Code § 17200 *et seq.;*

19     7.   For restitutionary disgorgement of wages and related sums, wages, attorneys' fees and all

20          other remedies available pursuant to Cal. Bus. and Prof. Code § 17200 *et seq.;*

21     8.   For statutory damages and wages pursuant to the Cal. Lab. Code;

22     9.   For liquidated damages;

23     10.  For costs and disbursements, pre-judgment and post-judgment interest in the amount of

24          10% per annum, liquidated damages, and attorney fees pursuant to Cal. Lab. Code §§

25          218.5, 218.6, 1194, and 1194.2; and

26     11.  For such further or alternative relief in favor of Plaintiff and all class members as the

27          Court deems appropriate.

28  ///

1    Dated: February 1, 2008                    Bailey Pinney, PC

2
                                                By
3                                               Jose R. Mata
                                                Attorney for Plaintiff Trudy Oglesby
4

5                              **JURY TRIAL DEMAND**

6        Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Plaintiff

7    demands a jury trial for all issues so triable.

8    Dated: February 1, 2008                    Bailey Pinney, PC

9
                                                By
10                                              Jose R. Mata
                                                Attorney for Trudy Oglesby
11

12
                 **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**
13
         Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named
14
     parties, there is no such interest to report.
15
     Dated: February 1, 2008                    Bailey Pinney, PC
16

17                                              By
                                                Jose R. Mata
18                                              Attorney for Trudy Oglesby

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Trudy Oglesby

**DEFENDANTS**

Dollar Tree Stores, Inc Incorpoarated in the State of Virginia, and Does One through Twenty-five

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

Dickinson County, Kansas

County of Residence of First Listed Defendant  Chesepcke, VA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

E-filing      PJH

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

Class Action Fairness Act

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

Kansas              Virginia

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | **PERSONAL PROPERTY** | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 370 Other Fraud | | | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| [ ] 196 Franchise | | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff | [ ] 900Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | or Defendant) | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS – Third Party | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | 26 USC 7609 | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

28 USC Section 1332 (d)(2)

Brief description of cause:

Class Action Wage Claims

## VII. REQUESTED IN COMPLAINT:

- [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  Exceeds $5,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE  February 1, 2008

SIGNATURE OF ATTORNEY OF RECORD

DUPLICATE

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611015368
Cashier ID: almaceh
Transaction Date: 02/04/2008
Payer Name: bailey pinney
------------------------------------
CIVIL FILING FEE
 For: T OGLESBY
 Case/Party: D-CAN-3-08-CV-000793-001
 Amount:     $350.00
------------------------------------
CHECK
 Check/Money Order Num: 1050
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00

PJH

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.