JOSE R. MATA, SBN 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360) 567-2551; Fax: (360) 567-3331

BONNIE MAC FARLANE, SBN 161526
E-Mail: BMacfarlane@wagelawyer.com
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916) 923-5537; Fax: (916) 923-5587

SUSAN SIMMONS SEEMILLER SBN 150546
E-Mail: SSeemiller@wagelawyer.com
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090; Fax: (805) 339-0090

Attorneys for Plaintiff Trudy Oglesby

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Trudy Oglesby**, individually and on behalf of all others similarly situated<br><br>vs.<br><br>**Dollar Tree Stores, Inc.**. Incorporated in the State of Virginia, and Does One through Twenty-Five. | Case No. 08-0793 PJH<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br><br>1. Failure to Pay Wages;<br>2. Failure to Timely Pay Wages (Late Pay Statutory);<br>3. Failure to Pay Minimum Wages (CAL. LAB. CODE; 29 U.S.C. § 201 *et seq.)*;<br>4. Failure to Pay Overtime Wages; (CAL. LAB. CODE; 29 U.S.C. § 201 *et seq.*)<br>5. Failure to Provide Accurate Itemized Wage Statements;<br>6. Failure to Pay Vacation Pay<br>7. Unlawful Business Practices (CAL. BUS. & PROF. CODE § 17200)<br><br>[Pursuant to the Laws of the State of California]<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Trudy Oglesby, individually and on behalf of current and former employees of Dollar Tree Stores, Inc., brings this class action Complaint against Defendant, Dollar Tree Stores, Inc.

1  (hereinafter "Dollar Tree"), and alleges the following upon information and belief, except as to those
2  allegations concerning Plaintiff, which are alleged upon personal knowledge:

## PRELIMINARY STATEMENT

3
4  1.  Plaintiff, Trudy Oglesby, files this action to recover wages, statutory wages, punitive
5  damages, minimum wages, overtime wages, vacation wages, and liquidated damages for Dollar Tree's
6  failure to pay for all hours worked, including time worked off-the-clock; failure to timely pay wages at
7  the termination of employment, including earned and vested vacation wages; and failure to pay wages,
8  statutory wages, minimum wages and overtime/"premium" wages.

9  2.  Dollar Tree is a retail store offering merchandise and basic consumable products for
10  bargain prices.  A Virginia Corporation headquartered in Chesapeake, Virginia, Dollar Tree boasts an
11  annual revenue of approximately $3.97 billion.  Dollar Tree has more than 3,200 stores and employs
12  more than 40,000 associates throughout the United States.  Dollar Tree has high sales periods such as
13  Christmas and Easter, which require it to purchase increased inventory and hire a significant number of
14  temporary employees.  Dollar Tree's business practice includes hiring temporary employees to staff its
15  business during peak selling seasons, but the company refuses to hire a sufficient number of temporary
16  employees to handle this increased business.  Instead, Dollar Tree relies on its existing employees to
17  cover the increased business, which causes the company to violate California's wage and hour laws.

18  3.  Dollar Tree fails to pay statutory wages, including minimum wages, overtime, and
19  premium wages pursuant to California law.  Dollar Tree does not pay its employees wages when due
20  under California law.  Pursuant to California's strong policy of assuring that employees are fairly and
21  timely paid their earned wages, Plaintiff seeks appropriate recoveries including costs of suit, attorneys'
22  fees, interest, and other relief the Court deems necessary.

23  4.  Plaintiff was an hourly employee of Dollar Tree in California from approximately
24  October 31, 2006 to February 13, 2007.  During Plaintiff's employment, Dollar Tree did not pay all
25  wages when due, including wages for time worked off-the-clock, minimum wage, and overtime
26  premium wages, as required by California law.  Dollar Tree suffered or permitted Plaintiff to work off-
27  the-clock and failed to pay all final wages owed when required by California law.

28  5.  Plaintiff seeks to represent other similarly situated individuals who worked for Dollar

1  Tree in California through this class action. Plaintiff claims wages, statutory wages, liquidated
2  damages, punitive damages, interest, costs, and attorneys' fees for Dollar Tree's failure to pay all
3  wages, including failure to pay wages for off-the-clock work and failure to pay overtime and premium
4  wages, minimum wages, and vacation wages; and failure to pay wages when due upon the end of
5  employment.

**PARTIES**

6. At all material times, Plaintiff and others similarly situated are current and former employees of Dollar Tree in the State of California. Dollar Tree is subject to the State of California's wage and hour provisions.

7. Plaintiff, Trudy Oglesby, at the time of filing this Complaint, is an individual residing in the State of Kansas and is a citizen of the State of Kansas. At all times relevant to the facts plead specifically to Plaintiff, Plaintiff resided in the State of California and was a citizen of the State of California.

8. Dollar Tree, at all material times herein, is and was doing business as "Dollar Tree Stores, Inc." in the State of California.

9. Dollar Tree is a company organized and existing under the laws of the State of Virginia, with its principal place of business in the State of Virginia.

10. The true names and capacities of Defendants, DOES One through Twenty-five, inclusive, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of said fictitiously named Defendants when they have been ascertained.

**JURISDICTION**

11. This is an action under 28 U.S.C. § 1332 (d)(2) to recover wages, minimum wages, overtime wages, statutory wages, liquidated damages, punitive damages, and civil penalties for current and former employees of Dollar Tree who are/were hourly employees in California. The amount in controversy exceeds $5,000,000.00 exclusive of interest and costs. The class will exceed 100 members. Further, Plaintiff is diverse from Dollar Tree.

///

**VENUE AND INTRA DISTRICT ASSIGNMENT**

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because this Court has personal jurisdiction over Dollar Tree, which: (1) conducts business in the State of California, including the County of Alameda, (2) hires and maintains employees in the State of California, and (3) avails itself of the protection of the laws of the State of California.

13. This lawsuit is not based on facts that warrant assignment to a division in this district. However, Dollar Tree maintains stores in Alameda County as well as elsewhere in the State of California. Plaintiff requests assignment to the Oakland division.

**CLASS ACTION ALLEGATIONS**

14. Plaintiff prosecutes this action as a class action to recover statutory damages and monies due and owing for all current and former California employees of Dollar Tree for its failure to pay wages, including minimum and overtime wages, and failure to pay final wages as due and owing when required by California law.

15. Plaintiff prosecutes this Complaint pursuant to FED. R. CIV. PROC. 23(a), (b)(1), and (b)(3) on behalf of a class consisting of current and former employees of Dollar Tree. Common questions of law and fact exist as to all class members and predominate over any questions that effect only individual class members. The conduct at issue in this case affected Plaintiff and all purported class members. Based on information and belief, the members of the class exceed 100 persons, and that number will increase depending upon employee turnover.

16. Dollar Tree failed to make immediate payment of all wages due as required by California law, when the employment of Plaintiff, and others similarly situated, ended with Dollar Tree.

17. Dollar Tree failed to pay wages, including wages for time worked off-the-clock, minimum wages, overtime wages, vacation wages, and statutory wages when due to Plaintiff and others similarly situated as required by California law.

18. Dollar Tree's actions in failing to pay wages, minimum wages, overtime wages, vacation wages, and failing to pay all monies due and earned upon termination of employment to Plaintiff, and others similarly situated was willful.

19. Dollar Tree suffered or permitted Plaintiff and others similarly situated to work hours for

which Dollar Tree did not compensate them at the minimum rate of pay for all hours worked.  In so doing, Dollar Tree violated the requirements of California law.  Dollar Tree owes Plaintiff and others similarly situated minimum wages and liquidated damages for uncompensated work.

20.     Dollar Tree suffered or permitted Plaintiff and others similarly situated to work hours for which Dollar Tree did not compensate them at the premium rate of pay for all hours worked over eight per day and/or twelve hours per day or forty per week.  In so doing, Dollar Tree violated the requirements of California law.  Dollar Tree owes Plaintiff and others similarly situated overtime wages for those hours worked that were not properly compensated.

21.     Dollar Tree is required to provide accurate itemized wage statements per pay period to Plaintiff and others similarly situated pursuant to California law, including but not limited to CAL. LAB. CODE § 226(a).  Dollar Tree failed to provide accurate itemized wage statements to Plaintiff and others similarly situated.  Because Dollar Tree failed to provide accurate itemized wage statements, Dollar Tree owes actual damages to Plaintiff and others similarly situated.

22.     Dollar Tree is required to pay all vested and earned vacation pay at the end of an employee's employment with Dollar Tree.  Dollar Tree failed to provide Plaintiff and others similarly situated with all vested and earned vacation pay at the end of their employment.

23.      Dollar Tree's conduct alleged herein was willful, malicious, fraudulent, and oppressive.

24.      Dollar Tree's actions, detailed herein, were part of a statewide and/or nationwide corporate plan and scheme which affected all employees who worked for Dollar Tree.  As a direct and proximate result of Dollar Tree's illegal companywide plan, practice, and scheme, Plaintiff was (1) not paid wages on time, (2) denied wages for time worked off-the-clock, and (3) victimized by Dollar Tree's policies and practices as set forth herein. Plaintiff and others similarly situated are entitled to recover monies including, but not limited to, wages, statutory wages, minimum wages, overtime and/or premium wages pursuant to California law. Plaintiff is entitled to request injunctive relief.  Also, Plaintiff and others similarly situated are entitled to recover appropriate reasonable attorneys' fees, costs, and interest.  Pursuant to the Private Attorneys General Act of 2004 ("PAGA"),  CAL. LAB. CODE  §§ 2698 *et seq.*, Plaintiff sent a certified letter to the California Labor and Workforce Development Agency ("LWDA"), informing the LWDA of Dollar Tree's violations of California law,

including, but not limited to, CAL. LAB. CODE §§ 201, 202, 203, 226, 510, 516, and 1194. The LWDA responded via letter dated February 28, 2008, indicating that after review of Plaintiff's letter, the LWDA "does not intend to investigate the allegations." Therefore, pursuant to CAL. LAB. CODE §§ 227.3, 2699, and 2699.3(a)(2)(A), Plaintiff is entitled to commence a civil action under PAGA, and is entitled to receive civil penalties and attorneys' fees.

25. **DEFINITION OF CLASSES** – Plaintiff seeks class certification to include, but without limitation to, the following potential classes, pursuant to FED. R. CIV. PROC. 23(a), (b)(1), and (b)(3).

   A. **UNPAID WAGES CLASS** - Within the applicable time period prior to the filing of this action through and including the present date through adjudication, for Plaintiff and others similarly situated who worked for Dollar Tree in California and who did not receive all wages when due as required by California law.

   B. **LATE PAYMENT CLASS** - Within the applicable time period prior to the filing of this action through and including the present date through adjudication, for Plaintiff and others similarly situated whose employment with Dollar Tree in California ended, and who did not receive all wages when due as required by California law.

   C. **MINIMUM WAGE CLASS** - Within the applicable time period prior to the filing of this action through and including the present date through adjudication, for the Plaintiff and others similarly situated who worked for Dollar Tree in California, and who were not paid wages at the minimum wage for all hours worked.

   D. **OVERTIME CLASS** - Within the applicable time period prior to the filing of this action through and including the present date through adjudication, for Plaintiff and others similarly situated who worked for Dollar Tree in California, and who were not paid at the applicable overtime/premium rate for all hours worked in excess of the statutory maximum hours per day, and/or in excess of the statutory maximum hours per week.

1    E.    **ITEMIZED WAGE STATEMENT CLASS** – Within the applicable time period prior to the filing of this action through and including the present date through adjudication, for Plaintiff and others similarly situated, who worked for Dollar Tree in California, and whose wage statements provided by Dollar Tree were inaccurate.

F.    **BUSINESS AND PROFESSIONS CLASS** – Within four years prior to the filing of this action through and including the present date through adjudication, for Plaintiff and others similarly situated who worked for Dollar Tree in California and were not paid wages, minimum wages, overtime wages and who are owed statutory wages by Dollar Tree.

26.    **NUMEROSITY** - Based upon information and belief, the members of the California state wage and hour class exceed 100 persons. This number may increase, depending upon the turnover rate for employees over the applicable statutory period prior to the filing of this action.

27.    **QUESTIONS OF LAW AND FACT** - Common questions of law and fact exist as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former employees of Dollar Tree within the applicable statutes of limitations. Common questions include:

A.    Whether Plaintiff and class members are subject to California state wage and hour laws.

B.    Whether Plaintiff and class members worked hours and were not paid minimum wages for all hours worked.

C.    Whether Dollar Tree suffered or permitted Plaintiff and class members to work over eight hours per day and/or twelve hours per day or to work over forty hours per week and failed to pay overtime or premium pay for each overtime hour worked.

D.    Whether Dollar Tree failed to pay Plaintiff and class members all wages when due after their employment ended.

E.    Whether Plaintiff and class members performed work for Dollar Tree while

working "off-the-clock," without compensation.

F. Which remedies are available for the violations of California state wage and hour laws.

G. Which statute of limitations applies for each claim for relief.

28. **TYPICALITY** - The claims of the named Plaintiff are typical of the claims of the members of the wage and hour class in that:

A. Plaintiff is a member of the class.

B. Plaintiff's claims stem from the same practices and/or courses of conduct that form the basis of the class.

C. Plaintiff claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances.

D. There is no antagonism between the interests of the named Plaintiff and absent class members.

E. The injuries which Plaintiff suffered are similar to the injuries which class members have suffered

29. **REPRESENTATION BY PLAINTIFF** - The named Plaintiff will fairly and adequately represent the class in that:

A. There is no conflict between Plaintiff's claims and those of other class and subclass members.

B. Plaintiff retained counsel who are skilled and experienced in wage and hour cases and class actions, and who will vigorously prosecute this litigation.

C. Plaintiff's claims are typical of the claims of class members

30. **CERTIFICATION** - Certification of Plaintiff's claims is appropriate because:

A. Common questions of law and fact predominate over questions affecting only individual members.

B. The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action.

      C.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

## FACTS

31.    Ms. Oglesby worked for Dollar Tree as an hourly employee in the positions of cashier and assistant manager from approximately October 31, 2006 to February 13, 2007. During her employment, Ms. Oglesby was promised raises, promotions, and bonuses that she never received.

32.    During Ms. Oglesby's employment, other Dollar Tree employees and/or agents threatened to fire or terminate her if she refused to perform her job functions off-the-clock (i.e. unpaid), including making bank deposits and performing other specific tasks. On days when Ms. Oglesby worked an evening shift, she was suffered or permitted to work after clocking out, including while waiting for the computer to close down. Also on evening shifts, she was required to clock out, but was regularly suffered or permitted to leave work after clocking out. Ms. Oglesby estimates that she worked approximately four hours off-the-clock each week during the course of her employment.

33.    Ms. Oglesby quit without notice following the death of her son, when Dollar Tree refused to grant her requested time off for her family emergency. Dollar Tree then failed to pay Ms. Oglesby's final wages due, including payment for off-the-clock time and unused vacation time, within 72 hours of her last day of work.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Wages)**

34.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

35.    At all times material herein, Plaintiff and others similarly situated were employed by Dollar Tree.

36.    Within the three years prior to the filing of this Complaint through and including the present date through adjudication, Dollar Tree failed to pay wages as required by California law, and failed to pay Plaintiff and other similarly situated for time worked off-the-clock.

37. During the course of Plaintiff's employment, Dollar Tree suffered or permitted Plaintiff and others similarly situated to perform work for the benefit of Dollar Tree and failed to pay wages for all work performed.

38. As a result, Plaintiff and other similarly situated are entitled to wages and statutory wages pursuant to California law, including, but not limited to, CAL. LAB. CODE §§ 203 and 218.

39. Dollar Tree's behavior in failing to pay Plaintiff and others similarly situated for all hours worked was willful, malicious, fraudulent, and oppressive and there remain due and unpaid wages in amounts to be determined.

40. Plaintiff, on behalf of others similarly situated, is entitled to wages and statutory wages in amounts to be determined pursuant to California law, including but not limited to, CAL. LAB. CODE §§ 203, 204, 218, and 227.3, plus costs, interest, disbursements and attorneys' fees pursuant to California law including, but not limited to, CAL. LAB. CODE §§ 218.5 and 218.6. Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), CAL. LAB. CODE §§ 2698 *et seq.*, Plaintiff sent a certified letter to the California Labor and Workforce Development Agency ("LWDA"), informing the LWDA of Dollar Tree's violations of California law, including, but not limited to, CAL. LAB. CODE §§ 201, 202, 203, 226, 510, 516, and 1194. The LWDA responded via letter dated February 28, 2008, indicating that after review of Plaintiff's letter, the LWDA "does not intend to investigate the allegations." Therefore, pursuant to CAL. LAB. CODE §§ 227.3, 2699, and 2699.3(a)(2)(A), Plaintiff is entitled to commence a civil action under PAGA, and is entitled to receive civil penalties and attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**(Late Payment of Wages)**

41. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

42. At all times material herein, Plaintiff and others similarly situated were employed by Dollar Tree.

43. Within the applicable time period prior to the filing of this Complaint through and including the present date through adjudication, Dollar Tree willfully failed to pay all wages to

Plaintiff and other former employees upon termination of their employment, when those wages were due, including payment for time worked off-the-clock and payment for unused vacation pay. Dollar Tree's failure to pay wages when due was willful, malicious, fraudulent, and oppressive. Dollar Tree's willful conduct entitles Plaintiff and other former employees to thirty days of statutory wages for each pay period when wages were not paid when required by California law, including, but not limited to, CAL. LAB. CODE §§ 201, 202, and 203.

44. Plaintiff and others similarly situated seek statutory wages for the applicable time period prior to filing of this action plus costs, interest, disbursements and attorneys' fees pursuant to California law including, but not limited to, CAL. LAB. CODE §§ 200, 201, 202, 203, 204, 218, 218.5, and 218.6 and applicable wage orders. Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), CAL. LAB. CODE §§ 2698 *et seq.*, Plaintiff sent a certified letter to the California Labor and Workforce Development Agency ("LWDA"), informing the LWDA of Dollar Tree's violations of California law, including, but not limited to, CAL. LAB. CODE §§ 201, 202, 203, 226, 510, 516, and 1194. The LWDA responded via letter dated February 28, 2008, indicating that after review of Plaintiff's letter, the LWDA "does not intend to investigate the allegations." Therefore, pursuant to CAL. LAB. CODE §§ 227.3, 2699, and 2699.3(a)(2)(A), Plaintiff is entitled to commence a civil action under PAGA, and is entitled to receive civil penalties and attorneys' fees.

### THIRD CLAIM FOR RELIEF

**(Failure to Pay Minimum Wage)**

45. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

46. At all times material herein, Plaintiff and others similarly situated were employed by Dollar Tree.

47. Within the applicable time period prior to filing of this action through and including the present date through adjudication, Dollar Tree failed to pay minimum wages to Plaintiff and others similarly situated as required by California law.

48. During the course of Plaintiff's employment, Dollar Tree suffered or permitted Plaintiff and others similarly situated to perform work for the benefit of Dollar Tree without paying minimum

1  wages to Plaintiff and others similarly situated for all hours worked. Dollar Tree suffered or permitted
2  Plaintiff and others similarly situated to work hours off-the-clock, and failed to pay minimum wage for
3  such hours worked.

4  49.  Dollar Tree failed to compensate Plaintiff and others similarly situated for the hours of
5  work provided by Plaintiff and others similarly situated.

6  50.  As a result, Plaintiff and others similarly situated are entitled to minimum wages pursuant
7  to California law, including but not limited to CAL. LAB. CODE §§ 203, 204, 1194, 1194.2 and 1197.

8  51.  Dollar Tree's behavior in failing to pay Plaintiff and others similarly situated for all hours
9  worked was willful, malicious, fraudulent, and oppressive, and there remain due and unpaid, minimum
10 wages in amounts to be determined.

11 52.  Plaintiff individually and on behalf of others similarly situated seeks as damages
12 minimum wages in an amount to be determined, liquidated damages, fees, and statutory wages
13 pursuant to California law including, but not limited to, CAL. LAB. CODE §§ 200, 203, 204, 1182.11,
14 1185, 1194, 1194.2, 1197, and 1198, plus costs, disbursements, and attorneys' fees pursuant to
15 California law including, but not limited to, CAL. LAB. CODE § 1194. Pursuant to the Private
16 Attorneys General Act of 2004 ("PAGA"), CAL. LAB. CODE §§ 2698 *et seq.*, Plaintiff sent a certified
17 letter to the California Labor and Workforce Development Agency ("LWDA"), informing the LWDA
18 of Dollar Tree's violations of California law, including, but not limited to, CAL. LAB. CODE §§ 201,
19 202, 203, 226, 510, 516, and 1194. The LWDA responded via letter dated February 28, 2008,
20 indicating that after review of Plaintiff's letter, the LWDA "does not intend to investigate the
21 allegations." Therefore, pursuant to CAL. LAB. CODE §§ 227.3, 2699, and 2699.3(a)(2)(A), Plaintiff is
22 entitled to commence a civil action under PAGA, and is entitled to receive civil penalties and
23 attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(Failure to Pay Overtime)**

26 53.  Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully
27 set forth herein.

28 54.  At all times material herein, Plaintiff and others similarly situated were employed by

1 | Dollar Tree.

2 | 55.   Within the applicable time period prior to the filing of this action through and including the present date through adjudication, Dollar Tree failed to pay overtime wages to Plaintiff and others similarly situated as required by California law.

56.   During the course of Plaintiff's employment, Dollar Tree suffered or permitted Plaintiff and others similarly situated to work hours for the benefit of Dollar Tree in excess of eight and/or twelve hours per day and/or forty hours per week. As a result, Plaintiff and others similarly situated are entitled to unpaid overtime wages pursuant to California law, including, but not limited to, CAL. LAB. CODE §§ 500, 510, and 1194. Dollar Tree also suffered or permitted Plaintiff and others similarly situated to work hours off-the-clock, and failed to pay overtime wages for such hours worked that were in excess of eight and/or twelve hours per day and/or forty hours per week.

57.   Dollar Tree failed to compensate Plaintiff and others similarly situated for all hours of overtime worked by Plaintiff and others similarly situated at the overtime rate of pay as required by California law.

58.   Dollar Tree's failure to pay Plaintiff and others similarly situated for all hours worked in excess of the statutory maximum hours per day and in excess of eight and/or twelve hours per day per day and/or forty hours per week was willful, malicious, fraudulent, and oppressive, and there remain due and unpaid overtime wages in amounts to be determined.

59.   Plaintiff individually and on behalf of others similarly situated seeks as damages, overtime wages in an amount to be determined, fees, and statutory wages, pursuant to California law including, but not limited to, CAL. LAB. CODE §§ 200, 203, 204, 500, 510, 511, 1194, and 1198, plus costs, disbursements and attorneys' fees pursuant to California law including, but not limited to, CAL. LAB. CODE § 1194. Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), CAL. LAB. CODE §§ 2698 *et seq.*, Plaintiff sent a certified letter to the California Labor and Workforce Development Agency ("LWDA"), informing the LWDA of Dollar Tree's violations of California law, including, but not limited to, CAL. LAB. CODE §§ 201, 202, 203, 226, 510, 516, and 1194. The LWDA responded via letter dated February 28, 2008, indicating that after review of Plaintiff's letter, the LWDA "does not intend to investigate the allegations." Therefore, pursuant to CAL. LAB. CODE

1  §§ 227.3, 2699, and 2699.3(a)(2)(A), Plaintiff is entitled to commence a civil action under PAGA, and is entitled to receive civil penalties and attorneys' fees.

### FIFTH CLAIM FOR RELIEF

### (Failure to Provide Accurate Itemized Wage Statements)

60. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

61. At all times material herein, Plaintiff and others similarly situated were employed by Dollar Tree.

62. Dollar Tree is required to provide accurate itemized wage statements for each pay period to Plaintiff and others similarly situated pursuant to California law, including but not limited to CAL. LAB. CODE § 226. Dollar Tree's failure to provide accurate itemized wage statements includes failing to include hours worked off-the-clock in Plaintiff's wage statements.

63. Within the applicable time period prior to the filing of this action through and including the present date through adjudication, Dollar Tree failed to provide accurate itemized wage statements to Plaintiff and others similarly situated whereby Plaintiff, and others similarly situated were harmed. Dollar Tree's failure to provide accurate itemized wage statements was willful, malicious, fraudulent, and oppressive.

64. Plaintiff individually and on behalf of others similarly situated seeks payment of actual damages pursuant to CAL. LAB. CODE § 226(e) for each employee who did not receive accurate itemized wage statements during their employments with Dollar Tree. Plaintiff and others similarly situated also Plaintiff the payment of costs, interest, and attorneys' fees. Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), CAL. LAB. CODE §§ 2698 *et seq.*, Plaintiff sent a certified letter to the California Labor and Workforce Development Agency ("LWDA"), informing the LWDA of Dollar Tree's violations of California law, including, but not limited to, CAL. LAB. CODE §§ 201, 202, 203, 226, 510, 516, and 1194. The LWDA responded via letter dated February 28, 2008, indicating that after review of Plaintiff's letter, the LWDA "does not intend to investigate the allegations." Therefore, pursuant to CAL. LAB. CODE §§ 227.3, 2699, and 2699.3(a)(2)(A), Plaintiff is entitled to commence a civil action under PAGA, and is entitled to receive civil penalties and

attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### (Failure to Pay Vacation Pay)

65. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

66. At all times material herein, Plaintiff and others similarly situated were employed by Dollar Tree.

67. Pursuant to Cal. Lab. Code § 227.3, Defendants are required to pay all vested vacation as wages when an employee leaves his/her employment.

68. Dollar Tree is required to comply with California wage and hour law. During the course of Plaintiff's employment, Plaintiff earned vested vacation time that Defendant failed to fully pay.

69. Within the applicable time period prior to the filing of this action through and including the present date through adjudication, Dollar Tree failed to pay vacation wages to Plaintiff and others similarly situated whereby Plaintiff, and others similarly situated were harmed. Dollar Tree's failure to pay vacation wages was willful, malicious, fraudulent, and oppressive.

70. Plaintiff individually and on behalf of others similarly situated seeks payment of vacation wages, damages, statutory damages, costs, interest, and attorneys' fees pursuant to California law, including but not limited to, Cal. Lab. Code §§ 201, 202, 203, 218.5, 218.6 and 227.3. Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698 *et seq.*, Plaintiff sent a certified letter to the California Labor and Workforce Development Agency ("LWDA"), informing the LWDA of Dollar Tree's violations of California law, including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 510, 516, and 1194. The LWDA responded via letter dated February 28, 2008, indicating that after review of Plaintiff's letter, the LWDA "does not intend to investigate the allegations." Therefore, pursuant to Cal. Lab. Code §§ 227.3, 2699, and 2699.3(a)(2)(A), Plaintiff is entitled to commence a civil action under PAGA, and is entitled to receive civil penalties and attorneys' fees.

///

///

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition)

71. Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

72. At all times material herein, Plaintiff and others similarly situated were employed by Dollar Tree.

73. Within four years prior to the filing of this action through and including the present date through adjudication, Dollar Tree failed to comply with the wage and hour provisions of the State of California as set forth herein.

74. Plaintiff, individually, and on behalf of the general public, alleges that at all relevant times Dollar Tree's actions, including, but not limited to, Dollar Tree's violations of California law, the CAL. LAB. CODE, as set forth herein, constitute a continuing and ongoing unfair and unlawful activity prohibited by CAL. BUS. & PROF. CODE § 17200, *et seq.*, and justify restitution and/or injunctive relief.

75. Dollar Tree's failure to comply with California State wage and hour laws is likely to continue. Dollar Tree's unlawful business practices mislead the public and present a continuing threat to the public. Plaintiff suffered injury in fact, and Plaintiff lost money or property as a result of such unfair competition.

76. Dollar Tree has engaged in unfair business practices in California by utilizing the illegal employment practices outlined herein, including, but not limited to, failing to pay wages, minimum wages, and overtime wages; failing to compensate for statutory wages; and failing to pay sums due for labor, fees, and penalties according to California law. Dollar Tree's employment of such practices constitutes an unfair business practice and unfair competition, and provides an unfair advantage over Dollar Tree's competitors.

77. Plaintiff alleges that at all relevant times, Dollar Tree has engaged in unlawful, deceptive, and unfair business practices prohibited by CAL. BUS. & PROF. CODE § 17200, *et seq.*, including those set forth in the paragraphs herein, thereby depriving Plaintiff and the public of the minimum working conditions and standards due them under California labor laws and IWC Wage Orders.

78.     The Court is authorized to order restitution and/or an injunction as a remedy for any violations of CAL. BUS. & PROF. CODE § 17200 *et seq*. Plaintiff seeks full restitution of said monies from Dollar Tree, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by Dollar Tree by means of the unfair practices complained of herein.  Plaintiff, on her behalf and on behalf of others similarly situated, seeks restitution in an amount to be determined; injunctive relief; and costs, interest, and attorneys' fees pursuant to California law including, but not limited to, CAL. BUS. & PROF. CODE § 17200 *et seq.*  Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), CAL. LAB. CODE §§ 2698 *et seq.*, Plaintiff sent a certified letter to the California Labor and Workforce Development Agency ("LWDA"), informing the LWDA of Dollar Tree's violations of California law, including, but not limited to, CAL. LAB. CODE §§ 201, 202, 203, 226, 510, 516, and 1194.  The LWDA responded via letter dated February 28, 2008, indicating that after review of Plaintiff's letter, the LWDA "does not intend to investigate the allegations."  Therefore, pursuant to CAL. LAB. CODE §§ 227.3, 2699, and 2699.3(a)(2)(A), Plaintiff is entitled to commence a civil action under PAGA, and is entitled to receive civil penalties and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Dollar Tree as follows:

1. A determination that this action may be maintained as a "class action;"
2. For all unpaid wages, statutory wages, minimum wages, "overtime" and/or "premium pay" wages, and vacation wages in an amount to be determined at the time of trial;
3. For all wages and other related sums converted by Dollar Tree;
4. For any and all profits, whether direct or indirect, Dollar Tree acquired by reason of its conversion, and for all remedies provided in CAL. CIV. CODE §§ 3336 and 3337;
5. Pursuant to CAL. BUS. & PROF. CODE § 17203, that Dollar Tree be preliminarily and permanently enjoined from failing to provide: payment for all wages for all hours worked; minimum wages for all hours worked, and overtime for all hours worked over eight per day and forty hours per week;
6. Pursuant to CAL. BUS. & PROF. CODE § 17203 and the equitable powers of this Court, that

Dollar Tree be ordered to restore to Plaintiff all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under the CAL. BUS. & PROF. CODE § 17200 *et seq.*;

7. For restitutionary disgorgement of wages and related sums, wages, attorneys' fees and all other remedies available pursuant to CAL. BUS. & PROF. CODE § 17200 *et seq.*;

8. For statutory damages and wages pursuant to the CAL. LAB. CODE;

9. For liquidated damages;

10. For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, liquidated damages, and attorneys' fees pursuant to CAL. LAB. CODE §§ 218.5, 218.6, 1194, and 1194.2; and

11. For such further or alternative relief in favor of Plaintiff and all class members as the Court deems appropriate.

Dated: April 15, 2008        Bailey Pinney, PC

By ___/s/_____
    Jose R. Mata
    Attorney for Plaintiff Trudy Oglesby

## **JURY TRIAL DEMAND**

Pursuant to FED. R. CIV. PROC. 38(b) and CIV. L.R. 3-6(a), Plaintiff demands a jury trial for all issues so triable.

Dated: April 15, 2008        Bailey Pinney, PC

By ___/s/_____
    Jose R. Mata
    Attorney for Plaintiff Trudy Oglesby

///
///
///
///

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civ. L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: April 15, 2008          Bailey Pinney, PC

                               By ____/s/_____
                                  Jose R. Mata
                                  Attorney for Plaintiff Trudy Oglesby