MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
ROSSANA S. ELTANAL (State Bar No. 221145)
Email: eltanal@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
DOLLAR TREE STORES, INC.

BETH HIRSCH BERMAN (State Bar No. 28091)
Email: bberman@williamsmullen.com
WILLIAMS MULLEN
999 Waterside Drive, Suite 1700
Norfolk, Virginia 23510
Telephone: (757) 629-0604
Facsimile: (757) 629-0660

*Pro Hac Vice* Attorney for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Trudy Oglesby, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Dollar Tree Stores, Inc., Incorporated in the State of Virginia, and Does One through Twenty-Five,

Defendant.

CASE NO. CV-08-0793 PJH

**DEFENDANT DOLLAR TREE STORES, INC'S. ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**FIRST AMENDED COMPLAINT FILED:** April 15, 2008
**TRIAL DATE:** No date set.

Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), by and through its undersigned counsel, provides the following Answer to Trudy Oglesby's ("Plaintiff's") first amended complaint ("Complaint"):

1. Paragraph 1 of the Complaint is a preliminary statement to which no response is necessary. To the extent any response is required, Dollar Tree denies that it failed to pay for all time worked; denies that it failed to pay wages, denies that it failed timely to pay wages and denies that Plaintiff is entitled to any relief.

2. Dollar Tree admits it is a retail variety store offering goods for $1.00 or less, and that its headquarters are in Chesapeake, Virginia. Dollar Tree admits it has over 3,000 stores and employs more than 40,000 employees throughout the continental United States. Dollar Tree also admits that its sales for fiscal year 2006 were approximately $3.97 billion. Dollar Tree admits generally it has increased sales activity prior to major holidays. Dollar Tree admits it hires temporary employees during its fourth quarter. Dollar Tree denies the remaining allegations in paragraph 2 of the Complaint.

3. Dollar Tree denies the allegations in paragraph 3 of the Complaint and denies Plaintiff is entitled to any relief.

4. Dollar Tree avers that Plaintiff was employed at Dollar Tree from on or about November 18, 2005 until on or about March 12, 2006 and again from on or about April 30, 2006 until on or about February 18, 2007. Dollar Tree admits that Plaintiff was paid on an hourly basis. Dollar Tree denies the remaining allegations in paragraph 4 of the Complaint.

5. Dollar Tree admits that Plaintiff filed this lawsuit styled as a class action. Dollar Tree denies that class status is appropriate, denies Plaintiff would be an adequate representative, denies that other individuals are similarly situated to Plaintiff and denies Plaintiff is entitled to any relief. Dollar Tree denies the remaining allegations in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree admits it is



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

subject to certain laws in the State of California and admits that it employed Plaintiff in the State of California. Dollar Tree avers that no class has been established and no putative class members have been identified and denies that this case should proceed as a class action and on that basis denies the remaining allegations in paragraph 6 of the Complaint.

7. Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and on that basis denies those allegations.

8. Dollar Tree admits that it conducts business in the State of California under the name Dollar Tree Stores, Inc.

9. Dollar Tree admits it is a corporation organized and existing under the laws of the Commonwealth of Virginia and that its principal place of business is in the Commonwealth of Virginia.

10. As the identities of Does 1 through 25 are unknown to Dollar Tree, it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and on that basis denies those allegations.

11. Dollar Tree admits that Plaintiff purports to bring this action under 28 U.S.C. §1332 (d)(2). Dollar Tree denies it engaged in any unlawful conduct. Dollar Tree denies that this case should proceed as a class action. Dollar Tree denies that Plaintiff is entitled to any relief and denies the remaining allegations in paragraph 11 of the Complaint.

12. Dollar Tree admits that it is a Virginia corporation that conducts business in the State of California, including Alameda County and that it employs individuals in the State of California. Dollar Tree admits that venue is proper in United States District Court for the Northern District of California.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

13. Dollar Tree admits that it conducts business in the State of California, including Alameda County. Dollar Tree denies that there are facts that warrant assignment to the Oakland division.

14. Dollar Tree admits that Plaintiff filed a lawsuit styled as a class action. Dollar Tree denies that class status is appropriate, denies that it failed to pay wages, and denies Plaintiff is entitled to any relief. Dollar Tree denies the remaining allegations in paragraph 14 of the Complaint.

15. Dollar Tree admits that Plaintiff purports to prosecute this lawsuit pursuant to Fed. R. Civ. P. 23(a), (b)(1) and (b)(3) but denies that class status is appropriate. Dollar Tree denies the remaining allegations of paragraph 15 of the Complaint.

16. Dollar Tree denies the allegations of paragraph 16 of the Complaint.

17. Dollar Tree denies the allegations of paragraph 17 of the Complaint.

18. Dollar Tree denies the allegations of paragraph 18 of the Complaint.

19. Dollar Tree denies the allegations of paragraph 19 of the Complaint.

20. Dollar Tree denies the allegations of paragraph 20 of the Complaint.

21. The allegations in paragraph 21 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree denies it violated California Labor Code §226 and avers that it provided Plaintiff with accurate itemized wage statements. Dollar Tree further denies that class status is appropriate and denies the remaining allegations in paragraph 21 of the Complaint.

22. The allegations in paragraph 22 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree avers that it complies with applicable California law concerning vacation pay. Dollar Tree denies the remaining allegations of paragraph 22 of the Complaint.

23. Dollar Tree denies the allegations of paragraph 23 of the Complaint.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

24. Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's assertions regarding her compliance with the Private Attorneys General Act of 2004 and on that basis denies those assertions. Dollar Tree admits that it appears the California Labor and Workforce Development Agency sent Plaintiff a letter stating that it "does not intend to investigate the allegations." Dollar Tree denies the remaining allegations of paragraph 24 of the Complaint.

25. Paragraph 25 is a statement creating definitions for "Classes" as those terms are used in the Complaint. As such, no response is required. To the extent a response is required, Dollar Tree denies that this case should proceed as a class action and denies that Plaintiff is an appropriate representative for a class action against Dollar Tree.

26. In paragraph 26 of the Complaint, Plaintiff refers to but has failed to define "state wage and hour class." As such, Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies those allegations. Dollar Tree denies the remaining allegations of paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree avers that no class has been established and no putative class members have been identified and on that basis denies the allegations in paragraph 27 of the Complaint. Dollar Tree further denies that this case should proceed as a class action and denies that there are common questions of law and fact as to the purported class members.

28. Paragraph 28 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree avers that no class has been established and no putative class members have been identified and on that basis denies the allegations in paragraph 28 of the Complaint. Dollar Tree further denies that Plaintiff's claims are typical of those of other purported class members.



KAUFF McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

29. Paragraph 29 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree avers that no class has been established and no putative class members have been identified and on that basis denies the allegations in paragraph 29 of the Complaint. Dollar Tree further denies that Plaintiff will fairly and adequately represent the purported class.

30. Paragraph 30 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree denies that class certification is appropriate. Dollar Tree denies the remaining allegations in paragraph 30.

31. Dollar Tree admits it employed Plaintiff as a Sales Associate and Assistant Manager. Dollar Tree denies the remaining allegations in paragraph 31 of the Complaint.

32. Dollar Tree denies the allegations in paragraph 32 of the Complaint.

33. Dollar Tree admits that Plaintiff quit without notice. Dollar Tree denies the remaining allegations in paragraph 33 of the Complaint.

34. Dollar Tree incorporates its answers to paragraphs 1 through 33 above as if fully set forth herein.

35. Paragraph 35 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree admits Plaintiff was employed by it in California. Dollar Tree avers that no class has been established and no putative class members have been identified and denies that this case should proceed as a class action and on that basis denies the remaining allegations in paragraph 35 of the Complaint.

36. Dollar Tree denies the allegations in paragraph 36 of the Complaint.

37. Dollar Tree denies the allegations in paragraph 37 of the Complaint.

38. Dollar Tree denies the allegations in paragraph 38 of the Complaint.

39. Dollar Tree denies the allegations in paragraph 39 of the Complaint.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

40. The allegations in paragraph 40 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of assertions regarding Plaintiff's compliance with the Private Attorneys General Act of 2004 and on that basis denies those assertions. Dollar Tree admits it appears that the California Labor and Workforce Development Agency sent Plaintiff a letter that it "does not intend to investigate the allegations." Dollar Tree denies the remaining allegations of paragraph 40 of the Complaint.

41. Dollar Tree incorporates its answers to paragraphs 1 through 40 above as if fully set forth herein.

42. Paragraph 42 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree admits Plaintiff was employed by it. Dollar Tree further avers that no class has been established and no putative class members have been identified and on that basis denies the remaining allegations in paragraph 42 of the Complaint.

43. Dollar Tree denies that Plaintiff is entitled to any relief. Dollar Tree denies that it failed to pay wages and denies the remaining allegations in paragraph 43 of the Complaint.

44. The allegations in paragraph 44 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of assertions regarding Plaintiff's compliance with the Private Attorneys General Act of 2004 and on that basis denies those assertions. Dollar Tree admits it appears that the California Labor and Workforce Development Agency sent Plaintiff a letter that it "does not intend to investigate the allegations." Dollar Tree denies the remaining allegations of paragraph 44 of the Complaint.

45. Dollar Tree incorporates its answers to paragraphs 1 through 44 above as if fully set forth herein.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

46. Paragraph 46 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree admits Plaintiff was employed by it. Dollar Tree further avers that no class has been established and no putative class members have been identified and on that basis denies the remaining allegations in paragraph 46 of the Complaint.

47. Dollar Tree denies the allegations in paragraph 47 of the Complaint.

48. Dollar Tree denies the allegations in paragraph 48 of the Complaint.

49. Dollar Tree denies the allegations in paragraph 49 of the Complaint.

50. Dollar Tree denies the allegations in paragraph 50 of the Complaint.

51. Dollar Tree denies the allegations in paragraph 51 of the Complaint.

52. The allegations in paragraph 52 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of assertions regarding Plaintiff's compliance with the Private Attorneys General Act of 2004 and on that basis denies those assertions. Dollar Tree admits it appears that the California Labor and Workforce Development Agency sent Plaintiff a letter that it "does not intend to investigate the allegations." Dollar Tree denies the remaining allegations of paragraph 52 of the Complaint.

53. Dollar Tree incorporates its answers to paragraphs 1 through 52 above as if fully set forth herein.

54. Paragraph 54 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree admits Plaintiff was employed by it. Dollar Tree further avers that no class has been established and no putative class members have been identified and on that basis denies the remaining allegations in paragraph 54 of the Complaint.

55. Dollar Tree denies the allegations in paragraph 55 of the Complaint.

56. Dollar Tree denies the allegations in paragraph 56 of the Complaint.

57. Dollar Tree denies the allegations in paragraph 57 of the Complaint.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

58. Dollar Tree denies the allegations in paragraph 58 of the Complaint.

59. The allegations in paragraph 59 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of assertions regarding Plaintiff's compliance with the Private Attorneys General Act of 2004 and on that basis denies those assertions. Dollar Tree admits it appears that the California Labor and Workforce Development Agency sent Plaintiff a letter that it "does not intend to investigate the allegations." Dollar Tree denies the remaining allegations of paragraph 59 of the Complaint.

60. Dollar Tree incorporates its answers to paragraphs 1 through 59 above as if fully set forth herein.

61. Paragraph 61 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree admits Plaintiff was employed by it. Dollar Tree further avers that no class has been established and no putative class members have been identified and on that basis denies the remaining allegations in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, Dollar Tree admits it has a duty to comply with California laws applicable to it. Dollar Tree denies the remaining allegations in paragraph 62 of the Complaint.

63. Dollar Tree denies the allegations in paragraph 63 of the Complaint.

64. The allegations in paragraph 64 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of assertions regarding Plaintiff's compliance with the Private Attorneys General Act of 2004 and on that basis denies those assertions. Dollar Tree admits it appears that the California Labor and Workforce Development Agency sent Plaintiff a letter that it "does



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

not intend to investigate the allegations." Dollar Tree denies the remaining allegations of paragraph 64 of the Complaint.

65. Dollar Tree incorporates its answers to paragraphs 1 through 64 above as if fully set forth herein.

66. Paragraph 66 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree admits it employed Plaintiff. Dollar Tree further avers that no class has been established and no putative class members have been identified and on that basis denies the remaining allegations in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, Dollar Tree admits it has a duty to comply with California laws and codes applicable to it.

68. Paragraph 68 of the Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, Dollar Tree admits it has a duty to comply with California laws and codes applicable to it. Dollar Tree admits Plaintiff earned paid time off during her employment. Dollar Tree denies the remaining allegations in paragraph 68 of the Complaint.

69. Dollar Tree denies the allegations in paragraph 69 of the Complaint.

70. The allegations in paragraph 70 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of assertions regarding Plaintiff's compliance with the Private Attorneys General Act of 2004 and on that basis denies those assertions. Dollar Tree admits it appears that the California Labor and Workforce Development Agency sent Plaintiff a letter that it "does not intend to investigate the allegations." Dollar Tree denies the remaining allegations of paragraph 70 of the Complaint.

71. Dollar Tree incorporates its answers to paragraphs 1 through 70 above as if fully set forth herein.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

72. Paragraph 72 of the Complaint asserts a legal conclusion to which no response is required. To the extent that a response is required, Dollar Tree admits Plaintiff was employed by it in California. Dollar Tree further avers that no class has been established and no putative class members have been identified and on that basis denies the remaining allegations in paragraph 72 of the Complaint.

73. Dollar Tree denies the allegations in paragraph 73 of the Complaint.

74. Dollar Tree denies the allegations in paragraph 74 of the Complaint.

75. Dollar Tree denies the allegations in paragraph 75 of the Complaint.

76. Dollar Tree denies the allegations in paragraph 76 of the Complaint.

77. Dollar Tree denies the allegations in paragraph 77 of the Complaint.

78. Dollar Tree admits that Plaintiff has brought this action seeking restitution, and equitable and statutory relief. Dollar Tree denies that it engaged in any misconduct or unlawful conduct and denies that Plaintiff is entitled to any relief. The remaining allegations in paragraph 78 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree is without sufficient knowledge or information to form a belief as to the truth of assertions regarding Plaintiff's compliance with the Private Attorneys General Act of 2004 and on that basis denies those assertions. Dollar Tree admits it appears that the California Labor and Workforce Development Agency sent Plaintiff a letter that it "does not intend to investigate the allegations." Dollar Tree denies the remaining allegations of paragraph 78 of the Complaint.

79. Dollar Tree denies Plaintiff is entitled to any of the relief sought in paragraphs 1 through 11 of her prayer for relief.

80. Dollar Tree denies any allegation not affirmatively admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims may be barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

2. Without accepting the burden of proof on the matter, Plaintiff is not similarly situated to other individuals who work or worked for Dollar Tree.

3. To the extent Plaintiff is asserting a claim under the California Labor Code for a period of time beyond the applicable statute of limitations period, set forth under Code of Civil Procedure generally, and in particular section 338, such claim is barred.

4. To the extent Plaintiff's class claims seek to go back to a period prior to December 11, 2004, they may be barred by the settlement and release in *Williams v. Dollar Tree Stores, Inc.*

5. To the extent Plaintiff's individual and class claims seek to go back to a period prior to December 1, 2007, they may be barred by the settlement and release in *Andrade v. Dollar Tree Stores, Inc.*

6. Without accepting the burden of proof on the matter, Plaintiff has unclean hands which bars or reduces her claim for relief.

7. Without accepting the burden of proof on the matter, Plaintiff and/or Plaintiff's counsel are precluded from bringing this action on a class basis because of Plaintiff's unclean hands, and/or conduct which disqualifies Plaintiff and/or Plaintiff's counsel from serving in a representational capacity.

8. To the extent that Plaintiff seeks punitive damages and/or civil penalties, such claims are unconstitutional under the Federal and State Constitutional provisions of due process, equal protection and/or the excessive fines clauses.

9. Dollar Tree alleges any claim for civil penalties would result in an award that is unjust, arbitrary and oppressive and/or confiscatory pursuant to §2699(e)(2) of the California Labor Code.

10. While denying any wrong doing or damage to Plaintiff, Dollar Tree alleges that Plaintiff's claimed recovery is barred or diminished by a failure to mitigate.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

11. While denying any wrong doing or damage to Plaintiff, Dollar Tree alleges that any damage or loss sustained by Plaintiff has been proximately caused by Plaintiff's own actions or inactions.

12. Dollar Tree alleges that Plaintiff's claims pursuant to the California Unfair Competition Law are barred to the extent Plaintiff seeks a remedy other than restitution or injunctive relief.

13. Dollar Tree alleges that Plaintiff's claims are barred in whole or in part by the statute of limitations, set forth under California Business and Professions Code generally and in particular section 17208.

14. Dollar Tree alleges that Plaintiff lacks standing to pursue her claims under Business and Professions Code generally and in particular sections 17200 and 17203.

15. Dollar Tree reserves the right to seek to amend this Answer and raise any and all other defenses that it may learn during discovery or trial of this matter.

WHEREFORE, Dollar Tree prays that judgment be entered in its favor and it be awarded its costs, including attorneys' fees and such further relief as this Court deems just and appropriate.

DATED: April 29, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /S/
ALEX HERNAEZ

Attorneys for Defendant
DOLLAR TREE STORES, INC.

4812-8042-7010.1



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111