1    [COUNSEL LISTED ON THE NEXT PAGE]

2

3

4

5

6

7

8

9

10

11                          UNITED STATES DISTRICT COURT

12                        NORTHERN DISTRICT OF CALIFORNIA

13   Trudy Oglesby, individually and on behalf of          CASE NO.  CV-08-0793 PJH
     all others similarly situated,
14                                                         **JOINT CASE MANAGEMENT**
                      Plaintiff,                           **STATEMENT AND [PROPOSED]**
15                                                         **ORDER**
     v.
16                                                         **DATE:**      May 15, 2008
     Dollar Tree Stores, Inc., Incorporated in the        **TIME:**       2:30 p.m.
17   State of Virginia, and Does One through               **COURTROOM:**  3, 17th Flr.
     Twenty-Five,                                          **JUDGE:**     Hon. Phyllis J. Hamilton
18
                      Defendant.                           **FIRST AMENDED**
19                                                         **COMPLAINT FILED:** April 15, 2008
                                                           **TRIAL DATE:** No date set.
20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE  (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND        CASE NO. CV-08-0793 PJH
[PROPOSED] ORDER

1

2   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
3   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
4   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California 94104
    Telephone:   (415) 421-3111
6   Facsimile:   (415) 421-0938

7   Attorneys for Defendant
    DOLLAR TREE STORES, INC.
8
    BETH HIRSCH BERMAN (State Bar No. 28091)
9   Email: bberman@williamsmullen.com
    WILLIAMS MULLEN
10  999 Waterside Drive, Suite 1700
    Norfolk, Virginia 23510
11  Telephone:   (757) 629-0604
    Facsimile:   (757) 629-0660
12
    *Pro Hac Vice* Attorney for Defendant
13  DOLLAR TREE STORES, INC.

14  JOSE R. MATA (CA State Bar No. 83724, OSB 80305)
    E-Mail: JMata@wagelawyer.com
15  BAILEY PINNEY, PC
    1498 SE Tech Center Place, Suite 290
16  Vancouver, WA 98683
    Telephone: (360)567-2551; Fax: (360)567-3331
17
    BONNIE MAC FARLANE (CA State Bar No. 161526)
18  E-Mail: BMacfarlane@wagelawyer.com
    BAILEY PINNEY, PC
19  720 Howe Street, Suite 113
    Sacramento, CA 95825
20  Telephone: (916) 923-5537; Fax: (916) 923-5587
21
    SUSAN SIMMONS SEEMILLER (CA State Bar No. 150546)
22  E-Mail: SSeemiller@wagelawyer.commailto:susan@cal.com
    BAILEY PINNEY, PC
23  840 County Square Drive
    Ventura, CA 93003
24  Telephone: (805) 339-9090; Fax: (805) 339-0090
25
    Attorneys for Plaintiff
26  TRUDY OGLESBY

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER                                    CASE NO. CV-08-0793 PJH

1    **I.    JURISDICTION AND SERVICE**

2    The Court has federal question jurisdiction over this case as the Complaint

3    asserts federal court jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"),

4    28 U.S.C. § 1332(d)(2)(A-C).  There also appears to be a complete diversity of

5    citizenship between Plaintiff Trudy Oglesby ("Plaintiff") and Defendant Dollar Tree

6    Stores, Inc. ("Defendant" or "Dollar Tree").  Jurisdiction is not contested.  Defendant has

7    been served.  No counterclaim has been filed.

8    **II.    FACTS**

9    Plaintiff is a former employee of Defendant, a discount variety store with

10   more than 200 retail locations in the State of California.  Plaintiff worked for Defendant

11   as a Sales Associate and Assistant Manager in California from November 18, 2005 to

12   March 12, 2006, and again from April 30, 2006 to February 18, 2007.  During her

13   employment, Plaintiff was paid on an hourly basis.  Plaintiff voluntarily terminated her

14   employment without providing notice.

15   Plaintiff alleges she was not paid minimum wages for all hours worked,

16   was not paid overtime, was not paid all wages due after her employment ended,

17   performed work while working off-the-clock, without compensation, and was not provided

18   accurate itemized wage statements.  Defendant denies such allegations and states that

19   its promulgated and enforced policies refute Plaintiff's claims.  Defendant contends that it

20   has not violated California's wage and hour laws.  Plaintiff also alleges this case on a

21   class basis; the class is pled as including all current and former employees employed in

22   California since April 14, 2004 (a period of four years prior to the filing date of the

23   Complaint.)  Defendant denies such allegations and states that a class action is not

24   appropriate.

25   Principal factual issues in dispute:

26   (a)    Whether Plaintiff worked any time off-the-clock.  Plaintiff

27   contends that this and all other principal factual issues also apply to putative class

28   members.

- 2 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER

CASE NO. CV-08-0793 PJH

1      (b)  Whether Dollar Tree management had knowledge of

2 Plaintiff's alleged off-the-clock work.  Plaintiff contends the issue is whether Dollar Tree

3 suffered or permitted Plaintiff and putative class members to work off-the-clock, not

4 whether Dollar Tree had actual knowledge of off-the-clock work.

5      (c)  Whether Dollar Tree management adjusted Plaintiff's time

6 records to reflect accurately all time worked, including work performed after she clocked

7 out.

8      (d)  Whether Plaintiff utilized the various complaint procedures

9 established by Dollar Tree to raise her allegations.  Plaintiff disagrees that this is a

10 legitimate factual issue.

11      (e)  Whether Defendant has effectively distributed and enforced a

12 policy and/or practice regarding off-the-clock work.  Plaintiff contends that the nature of

13 Dollar Tree's policy or practice regarding off-the-clock work is also a principal factual

14 issue.

15      (f)  Whether the employees and/or agents who Plaintiff alleges to

16 have threatened to fire or terminate her if she refused to work off-the-clock were

17 requiring the same of other California store employees.  Plaintiff contends that the

18 principal issue is not whether threats occurred, but whether implemented through threats

19 or otherwise, whether Dollar Tree had a state-wide practice of suffering or permitting off-

20 the-clock work.

21      (g)  Whether Dollar Tree management had knowledge that

22 employees and/or agents have allegedly threatened to fire or terminate Plaintiff and/or

23 other California store employees if they refused to work off-the-clock.  Plaintiff disagrees

24 that actual knowledge of threats is a relevant factual issue.

25      (h)  Whether Dollar Tree has effectively distributed and enforced

26 a policy regarding payment for all time worked.  Plaintiff contends that the nature of

27 Dollar Tree's policy or practice regarding payment for all time worked is also a principal

28 factual issue.

- 3 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER             CASE NO. CV-08-0793 PJH

1          (i)      Whether Plaintiff was paid minimum wages for all hours

2   worked.

3          (j)      Whether Defendant has effectively distributed and enforced a

4   policy regarding the payment of minimum wages. Plaintiff contends that the nature of

5   Dollar Tree's policy or practice regarding payment of minimum wages is also a principal

6   factual issue.

7          (k)      Whether Plaintiff was paid overtime.

8          (l)      Whether Defendant has effectively distributed and enforced a

9   policy regarding the payment of overtime.  Plaintiff contends that the nature of Dollar

10  Tree's policy or practice regarding the payment of overtime is also a principal factual

11  issue.

12         (m)      Whether Plaintiff was paid all wages due after her

13  employment ended.  Plaintiff contends that there is a further issue of whether Plaintiff

14  was paid her final wages within the time allowed by California Labor Code Sections 201-

15  202.

16         (n)      Whether Defendant has effectively distributed and enforced a

17  policy regarding the payment of wages after employment has ended.  Plaintiff contends

18  that the nature of Dollar Tree's policy or practice regarding the timely payment of wages

19  after employment has ended.

20         (o)      Whether Plaintiff was provided accurate itemized wage

21  statements.

22         (p)      Whether Defendant has effectively distributed and enforced a

23  policy regarding the itemized wage statements provided to employees.  Plaintiff

24  contends that the nature of Dollar Tree's policy or practice regarding the providing

25  accurate itemized wage statements is also a principal factual issue.

26         (q)      Whether Plaintiff's allegations, in whole or in part, are

27  amenable to class treatment.

28         (r)      The amount and nature of damages, if any.

- 4 -

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER                                                    CASE NO. CV-08-0793 PJH

1          (s)     Plaintiff contends there is a factual issue of whether Dollar

2   Tree failed to timely pay all accrued vacation at the time Plaintiff's employment ended.

3   **III.    LEGAL ISSUES**

4          (a)     What are the legal standards applicable to Plaintiff's

5   allegation that Defendant failed to pay wages for all time worked.

6          (b)     What are the legal standards applicable to establishing a

7   "willful" failure to pay under Labor Code Section 203.

8          (c)     What are the legal standards applicable to Plaintiff's

9   allegation that Defendant failed to pay vacation pay.

10        (d)     What are the legal standards applicable to Plaintiff's

11  allegation that Defendant failed to pay minimum wages.

12        (e)     What are the legal standards applicable to Plaintiff's

13  allegation that Defendant failed to pay overtime.

14         (f)     What are the legal standards applicable to Plaintiff's

15  allegation that Defendant failed to provide accurate wage statements.

16        (g)     What California Labor Code penalty provisions, if any, are

17  applicable to Plaintiff's claims.

18        (h)     What are the applicable statutes of limitations concerning

19  each of Plaintiff's claims.

20        (i)     Whether Plaintiff may bring this case as a class action under

21  Rule 23 of the Federal Rules of Civil Procedure.

22        (j)     Whether Plaintiff's counsel may serve as counsel in a class

23  action under Rule 23 of the Federal Rules of Civil Procedure.

24        (k)     Whether Plaintiff may bring this case as a class and/or

25  representative action under California Business & Professions Code Section 17200, *et*

26  *seq.*

27

28

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER                         CASE NO. CV-08-0793 PJH

1    (l)    What is the appropriate period for alleging a class action in
2 this case in light of the settlement in Williams v. Dollar Tree Stores, Inc. (California
3 Orange County Superior Court No. 01CC00329).

4    (m)    What is the appropriate period for alleging a class action in
5 this case in light of the settlement in Andrade v. Dollar Tree Stores, Inc. (California
6 Orange County Superior Court No. 03CC00505) (the "Andrade case").

7    (n)    Whether Plaintiff is entitled to monetary relief, including but
8 not limited to, damages, restitution and/or punitive damages.

9    (o)    What are the available damages under each of Plaintiff's
10 claims.

11    (p)    What is each Party's entitlement to attorneys' fees.

12    (q)    What are the legal standards applicable to Plaintiff's claims
13 for restitution and/or injunctive relief.

14 **IV.    MOTIONS**

15    While the Parties are not in a position to anticipate every possible pre-trial
16 motion as they are still in a very preliminary stage in the litigation, they anticipate
17 motions relating to class certification/decertification issues, and Defendant anticipates a
18 motion for summary judgment regarding Plaintiff's individual claims.  Plaintiff also
19 anticipates a possible motion to amend the Complaint to identify additional parties or to
20 add claims under the Fair Labor Standards Act.  Plaintiff also will file a motion to seek
21 clarification from the Court regarding her ability to contact putative class members, some
22 of whom may be represented by class counsel in the Andrade case regarding rest and
23 meal period claims.

24 **V.    AMENDMENT OF PLEADINGS**

25    The parties had previously engaged in meet and confer efforts which
26 resulted in Plaintiff's amendment of the original complaint.

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 6 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER                                         CASE NO. CV-08-0793 PJH

1    **VI.    EVIDENCE PRESERVATION**

2            The parties have taken steps to preserve evidence relative to this case

3    through notification of such obligation to their respective clients.

4            The parties have conferred and are continuing to confer regarding the

5    preservation by Dollar Tree of relevant electronically stored information.  Defendant

6    represents that payroll and hours worked data in an electronic format are not converted

7    to a different format over time.  Both parties are agreeable to continuing their discussion

8    regarding evidence preservation issues.  At this time, there are no issues that the parties

9    are seeking to bring before the court in the form of a motion.

10    **VII.    DISCLOSURES**

11            The parties have stipulated to exchange Federal Rule of Civil Procedure

12    initial disclosures on May 13, 2008.

13    **VIII.    DISCOVERY**

14            The parties agree to conduct discovery according to the parameters and

15    limitations set forth in the Federal Rules of Civil Procedure.  To vary from the limitations

16    within the Federal Rules of Civil Procedure, the parties agree to meet and confer in an

17    attempt to reach an agreement, and in the absence of same will seek leave of Court

18    through motion practice.  The parties are in the process of preparing a Stipulation for

19    Protective Order relating to employee privacy and proprietary information issues.

20            Defendant has proposed conducting discovery in two phases:  Phase 1,

21    discovery related to Plaintiff's individual claims and discovery related to the propriety of

22    class certification; and Phase 2, discovery regarding the merits of the class claims.

23            Plaintiff opposes conducting discovery in phases, with discovery on class

24    certification issues being separated from the merits of the class claims. "Discovery on

25    the merits should not normally be stayed pending so-called class discovery, because

26    class discovery is frequently not distinguishable from merits discovery, and class wide

27    discovery is often necessary as circumstantial evidence even when the class is denied.

28    Such a discovery bifurcation will often be counterproductive in delaying the progress of

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1   the suit for orderly and efficient adjudication." See Newberg on Class Actions Third

2   Edition, § 7:8, page 7-26.

3   **IX.    CLASS ACTIONS**

4                   **Plaintiff's Statement Regarding Class Action Allegations:**

5                   Plaintiff intends to certify one or more of the following classes under Rules

6   23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

7                   (a)    Off-the-clock class: The evidence will show that Defendant has a

8   state-wide practice of suffering and permitting nonexempt employees in California to

9   work off-the-clock, including at the beginning and the end of the scheduled shift.  This

10  state-wide practice will enable Plaintiff to meet the numerosity requirement of Rule 23(a).

11  Commonality is met by the common factual question of whether Defendant has a state-

12  wide practice of suffering or permitting nonexempt employees to work off-the-clock,

13  especially at the beginning and end of scheduled shifts.   Plaintiff Oglesby meets

14  typicality because she alleges Dollar Tree suffered or permitted her to work off-the-clock

15  at the beginning and at the end of her shift.  Oglesby is an adequate class representative

16  because she is diligent in presenting their claims. Additionally, Plaintiff's counsel are

17  highly qualified to litigate wage and hour class actions – limiting their practice almost

18  exclusively to such cases.

19                  The off-the-clock class also will meet the requirements of Rule 23(b)(3).

20  The class members could establish a *prima facie* case by proving that Defendant had a

21  state-wide practice of working nonexempt employees off-the-clock, especially at the

22  beginning and end of their scheduled shifts.  This could be accomplished through

23  representative evidence.  The existence of this statewide practice would predominate

24  over the remaining issues of the amount of damages of individual class members.

25  Additional common questions of law and fact that would predominate over individual

26  questions are Defendant's use of inaccurate itemized wage statements to hide its

27  practice of suffering or permitting its employees to work off-the-clock.  This use of

28  inaccurate itemized wage statements would cause the same harm to all members of the

- 8 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER                                                              CASE NO. CV-08-0793 PJH

1   class – namely creating the expense and difficulty of having to prove how many hours

2   they worked.  Thus, class members would all be entitled to the same award of statutory

3   damages under California Labor Code Section 226 – thus avoiding having to prove

4   actual damages for each class member.  Because of the expense of proving

5   Defendant's statewide practice, a class action is a superior method of litigating this

6   dispute than would be separate individual actions.

7           (b)     Late payment class:  The evidence will show that Defendant has a

8   practice of willfully not paying all final wages owing upon termination of employment

9   within the time allowed by California Labor Code sections 201-202.  Rule 23(a)

10  requirements will be met in that a state-wide class of Defendant's nonexempt employees

11  would be numerous, a common question would exist as to the existence of this alleged

12  practice, Oglesby herself was not paid all final wages owing within the time allowed by

13  Sections 201-202, and Oglesby will diligently prosecute this claim.   Plaintiff's counsel is

14  experienced in wage and hour class actions and has the resources necessary to

15  prosecute such actions against well-funded defendants such as Dollar Tree.

16          The requirements of Rule 23(b)(3) will be met because the class members

17  will be able to establish a *prima facie* case using common mathematical formulas applied

18  by computer database technology to Defendant's payroll records.  Well established case

19  law holds that common evidence includes calculations made with computer technology

20  using common mathematical formulas.  Common evidence of Defendant's willfulness

21  under California Labor Code Section 203 will be Defendant's high rate of noncompliance

22  with Sections 201-202.  The expense and resources necessary to prove a state-wide

23  practice make a class action superior to individual actions by class members without

24  sufficient resources.

25          Plaintiff's motion for class certification should be due 12 months after the

26  commencement of discovery, on May 16, 2009.

27          Below, Defendant makes reference to "potential issues" that – in light of

28  previous or pending class action settlements – may affect the class period. Defendant

- 9 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER                                                      CASE NO. CV-08-0793 PJH

1  should state what these potential issues are.  If necessary the Court should require a

2  further case management statement requiring identification of these "potential issues."

3              **Defendant's Statement Regarding The Class Action Allegations:**

4              Defendant disputes that this case is properly maintainable as a class action

5  as there are many individualized questions relating to a determination of liability

6  including, but not limited to, issues relating to payment provided to employees for hours

7  worked; issues relating to payment of overtime to employees; issues relating to payment

8  of minimum wages to employees; issues relating to payment of vacation wages to

9  employees, including the circumstances surrounding the employee's separation; issues

10  relating to individualized store manager and assistant manager practices regarding bank

11  deposits; issues relating to individualized store manager and assistant manager

12  practices concerning closure of the store in the evening; and other individualized

13  inquiries that relate to liability issues.  Dollar Tree anticipates disagreement with the

14  alleged class period as it may conflict with prior class settlements.  As to some potential

15  issues, given the *Williams* settlement, in Defendant's view, the class period cannot go

16  back earlier than December 11, 2004.  As to some potential issues, given the *Andrade*

17  settlement, in Defendant's view, the class period cannot go back earlier than December

18  1, 2007.  Finally, Defendant believes that there may be significant issues of the

19  adequacy of representation on the part of the named Plaintiff and/or Plaintiff's counsel

20  which will be developed as discovery progresses.

21  **X.    RELATED CASES**

22              The parties are not aware of any related cases at this time.

23  **XI.    RELIEF**

24              Plaintiff seeks alleged unpaid wages in the various categories identified in

25  the Complaint, penalty assessments under the California Labor Code, restitution,

26  injunctive relief and attorneys' fees.

27              Defendant seeks dismissal of the action, its costs and attorneys' fees.

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 10 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER                                            CASE NO. CV-08-0793 PJH

1    **XII.    SETTLEMENT AND ADR**

2         The parties have not yet agreed upon the ADR option in which to

3    participate.  On May 13, 2008, counsel for the parties will participate in an ADR Phone

4    Conference.

5    **XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

6         The parties do not consent to the assignment of this case to a United

7    States Magistrate Judge for all purposes.

8    **XIV.    OTHER REFERENCES**

9         The parties propose no other references at this time.

10   **XV.    NARROWING OF ISSUES**

11        The parties are committed to narrowing the issues as much as possible,

12   although believe that such process can best occur following determination of whether

13   this case is suitable for class action treatment.

14   **XVI.    EXPEDITED SCHEDULE**

15        Given the class allegations, the parties do not see this case as suitable for

16   expedited treatment.

17   **XVII.  SCHEDULING**

18        The parties believe that a trial date should not be set prior to the

19   determination of Plaintiff's motion for class certification.  Defendant intends to file its

20   motion for summary judgment as to Plaintiff's individual claims before Plaintiff's motion

21   for class certification.

22   **XVIII.  TRIAL**

23        Plaintiff has requested a jury trial.  Defendant does not request a jury trial.

24   The parties are unable to estimate the length of trial prior to the decision on motion(s)

25   relating to class certification.

26   **XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

27        Defendant filed a Certification of Interested Entities or Persons on April 29,

28   2008 identifying Dollar Tree, Inc., a publicly held company, as an interested party.

- 11 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER                                                CASE NO. CV-08-0793 PJH

1         Plaintiff filed a Certificate of Interested Entities or Persons on February 4,

2   2008 identifying no other interested parties other than the named parties in the

3   Complaint.

4         I, Alex Hernaez, hereby attest that the content of this document is

5   acceptable to all persons required to sign this document.

6

7   DATED:  May 8, 2008             KAUFF MCCLAIN & MCGUIRE LLP

8

9                                 By:  /s/

10                                      ALEX HERNAEZ

11                          Attorneys for Defendant
DOLLAR TREE STORES, INC.

12

13   DATED:  May 8, 2008             BAILEY PINNEY, PC

14

15                                 By:  /s/

16                                     JOSE R. MATA

17                          Attorneys for Plaintiff
TRUDY OGLESBY

18

19

20   **IT IS HEREBY ORDERED.**

21

22   DATED:  _____

23                          HON. PHYLLIS J. HAMILTON
United States District Court Judge

24

25   4812-6057-1394.1

26

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] ORDER                           CASE NO. CV-08-0793 PJH