1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:  (415) 421-3111
5  Facsimile:   (415) 421-0938

6  Attorneys for Defendant
   DOLLAR TREE STORES, INC.
7
   BETH HIRSCH BERMAN (State Bar No. 28091)
8  Email: bberman@williamsmullen.com
   WILLIAMS MULLEN
9  999 Waterside Drive, Suite 1700
   Norfolk, Virginia 23510
10 Telephone:  (757) 629-0604
   Facsimile:   (757) 629-0660
11
   *Pro Hac Vice* Attorney for Defendant
12 DOLLAR TREE STORES, INC.

13
   JOSE R. MATA (State Bar Nos. 83724, 80305)
14 Email: JMata@wagelawyer.com
   BAILEY PINNEY, PC
15 1498 SE Tech Center Place, Suite 290
   Vancouver, WA 98683
16 Telephone:  (360) 567-2551
   Facsimile:   (360) 567-3331
17
   Attorneys for Plaintiff
18 TRUDY OGLESBY

19                       UNITED STATES DISTRICT COURT

20                      NORTHERN DISTRICT OF CALIFORNIA

21 | Trudy Oglesby, individually and on behalf of all others similarly situated, | CASE NO. CV-08-0793 PJH |
|---|---|
22 | | **STIPULATED MOTION AND ORDER FOR DISMISSAL OF CLASS ACTION ALLEGATIONS WITHOUT PREJUDICE AND WITHOUT NOTICE TO PUTATIVE CLASS** |
23 | Plaintiff, | |
24 | v. | |
25 | Dollar Tree Stores, Inc., Incorporated in the State of Virginia, and Does One through Twenty-Five, | |
26 | | **FIRST AMENDED COMPLAINT FILED:** April 15, 2008 |
27 | Defendant. | **TRIAL DATE:** No date set. |

IT IS HEREBY STIPULATED AND MOVED by and between the parties to this action through their designated counsel as follows:

1) All class action allegations in the above-captioned action should be dismissed without prejudice pursuant to Fed. R. Civ. Proc. Rules 23(e) and 41. All individual allegations on behalf of Plaintiff, Trudy Oglesby, are to remain as set forth in the First Amended Complaint.

2) The parties shall bear their own costs and attorney fees relative to the dismissed class allegations. Neither party shall file a cost or fee petition based on this dismissal.

IT IS HEREBY FURTHER STIPULATED AND MOVED by the parties, pursuant to this Court's May 22, 2008 Order (Document 22), that the Court issue an order holding that the factors identified in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir., 1989) do not weigh in favor of requiring notice to the putative class members in this case because:

1) Plaintiff and her counsel represent their view that the class allegations were not frivolous and were not initially pled for the purpose of extracting a more favorable settlement. Defendant has denied all allegations of unlawful conduct and has stated its intent to oppose the class allegations as not consistent with Rule 23 requirements.

2) This dismissal of class claims is unrelated to any settlement between the parties as the parties have not as yet had any substantive settlement discussions regarding Plaintiff's individual claims. Defendant has not promised Plaintiff and her counsel a disproportionate recovery on settlement of Plaintiff's individual action in exchange for dismissal of the class allegations. Defendant has not made any

- 1 -

concessions to Plaintiff Oglesby or her attorneys in exchange for dismissal of the class allegations.

3) Plaintiff previously filed a first amended complaint that dropped class claims for failure to provide rest and meal periods because of the pending (and now final) settlement in the class action litigation of *Sandra Andrade, et. al. v. Dollar Tree Stores, Inc.,* Orange County Superior Court, Consolidated Case Nos. 03CC00505 and 05CC0010. The focus of the *Andrade* complaint is Dollar Tree's alleged failure to provide rest and meal periods. Plaintiff dismissed the rest and meal period claims in this lawsuit as precluded by the injunctive effect of the Settlement Agreement and Order in the preliminarily approved (and now final) settlement in *Andrade*. The elimination of the rest and meal period claims from this action substantially reduced the value to Plaintiff of proceeding with a class action.

4) This action, and its class allegations, has not received any publicity that would have caused putative class members to refrain from filing their own individual law suits. Also, this action was filed February 4, 2008 and has only been pending for about four months.

5) The class allegations being dismissed are for wages for alleged "off-the-clock" work, for alleged unpaid vacation time, for California Labor Code Section 203 waiting time penalties arising from an alleged failure to pay all wages owed at the termination of employment within the time allowed by California Labor Code Sections 201-203, for alleged inaccurate wage statements, for alleged violation of California Business and Professions Code Section 17200, and for civil penalties under the California Private Attorney General Act. Plaintiff represents that the statute of limitations for these claims varies between one and four years as follows: The claims for "off-the-

clock" work and for vacation pay have a three year statute of limitations. The claim for unfair competition has a four year statute of limitations. For purposes of this stipulation only, Defendant does not oppose those statements of potentially applicable statutes of limitations periods. Plaintiff's most recent employment with Dollar Tree terminated on or about February 13, 2007. This action was filed on February 4, 2008. Substantial time remains for most putative class members to bring most of the claims asserted in this action. Moreover, Plaintiff cites *American Pipe and Construction v. Utah,* 414 U.S. 538 (1974) for the proposition that the statute of limitations has been tolled since February 4, 2008. The Parties therefore believe that the likelihood of prejudice to most class members due to the statute of limitations is low.

**IT IS SO STIPULATED.**

DATED:  June 3, 2008                                KAUFF MCCLAIN & MCGUIRE LLP

By: _____
          MAUREEN MCCLAIN

Attorneys for Defendant
DOLLAR TREE STORES, INC.


DATED:  June 3, 2008                                BAILEY PINNEY, PC


By: _____/s/_____
          JOSE R. MATA

Attorneys for Plaintiff
TRUDY OBLESBY

## ORDER

On stipulation of the parties, and good cause appearing therefor,

PURSUANT TO STIPULATION, IT IS ORDERED:

1) All class action allegations in the above-captioned action are hereby dismissed without prejudice. All individual allegations on behalf of Plaintiff, Trudy Oglesby, are to remain as set forth in the currently operative First Amended Complaint.

2) The parties shall bear their own costs and attorney fees relative to the dismissed class allegations.

3) Based on the *Diaz* factors, the above dismissal is made without notice to the putative class.

Dated: June ____, 2008.

_____
PHYLLIS J. HAMILTON
United States District Judge

4835-9378-8930.1

- 4 -